## HALL et al. v. HOLLOWAY et al.

No. 8092—Opinion Filed Dec. 12, 1916.

Rehearing Denied Jan. 16, 1917.

(162 Pac. 188.)

1. **Appeal and Error—Parties—Ground for Dismissal.**

Where a foreclosure sale is made and confirmed, and subsequently such order of confirmation is set aside, the purchaser at such sale may appeal from the making of such order to this court, as such order affects the substantial rights of the purchaser, upon a summary application in the action after judgment, and is a final order; and a motion to dismiss said appeal will not lie upon the ground that such order is not an appealable order.

2. **Mortgages—Foreclosure Sale—Confirmation—Vacation—Motion.**

Where, at a term subsequent to the term at which an order of confirmation is made, it is moved to set aside such order, under section 5267, Rev. Laws 1910, such motion must conform strictly to the grounds stated in such statute to entitle movant to the relief sought, and such motion must state facts—not conclusions of law—showing movant entitled to the relief prayed for.

3. **Judicial Sales—Motion to Set Aside.**

In a motion to set aside a judicial sale, the purchaser at such sale is a necessary party.

4. **Same.**

Motion to set aside the order confirming the sale in the instant case carefully examined, and held not to state facts sufficient to confer jurisdiction upon the court to vacate such sale.

(Syllabus by Collier, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Mary P. Hall and others against Ola Holloway and others for the foreclosure of a mortgage. The property was sold under foreclosure and bought in by Edward R. Holmes and others, and, thereafter the order of confirmation of sale being set aside, plaintiffs bring error. Reversed and remanded, with instructions.

J. B. Moore, H. C. Potterf, and Earl Q. Gray, for plaintiffs in error Mary P. Hall and Henry T. Smith.

H. C. Potterf and Earl Q. Gray, for plaintiffs in error Edward R. Holmes, Ralph W. Holmes, and Will H. Smith.

Scothorn, Rittenhouse & McRill, for defendants in error.

Opinion by COLLIER, C.   Mary P. Hall and Henry T. Smith, hereinafter called "plaintiffs," began this action upon a note and mortgage, against Ola Holloway, the Jennings Company, and D. E. Allen, hereinafter called "defendants," and procured judgment against said Holloway and Allen in the sum of $1,494.89, and foreclosure of said mortgage, and, under the judgment rendered, the land described in said mortgage was sold, and at sale Edward R. Holmes and Ralph W. Holmes, hereinafter designated "purchasers," became the purchasers thereof and said sale was duly confirmed by the court. Thereupon, though same had not been fixed, the said Allen filed a supersedeas bond, but did not perfect an appeal from said order of confirmation.

The court adjourned for the term on December 31, 1915, after the confirmation of said sale, and at a subsequent term of said court defendants filed a motion to vacate said order confirming said sale, which motion, omitting the caption, is as follows:

"Come now the defendants and move the court to set aside and hold for naught the purported order confirming sale rendered in this court on the 4th day of November, 1915, for the following reasons, to wit:

"(1) Because of the mistake and omissions of the clerk of this court in describing the land to be sold in the order of sale, in that the same was improperly described as 'the NW¼ of section nine (9), township two (2) south, range three (3) west,' same not being sufficient description to properly place before a person not learned in the technical subdivisions of land to locate and find the property attempted to be described.

"(2) Because the published notice of sheriff's sale erroneously decribed the property to be sold as 'the N. W. ¼ of section nine (9), township two (2) south, range three (3) west,' which said notice does not describe the land so that same may be known and located

without applying other means of identification by one unlearned in the technical descriptions of land.

"(3) Because there is a misjoinder of parties plaintiff in this action, insomuch that it cannot be ascertained the interest of each in recovery under the judgment; it not being shown that the parties are partners or what amount each does own in the amount due upon the notes in controversy.

"(4) Because of newly discovered evidence as to the value of said lands in question, the former evidence not having been taken by any stenographer, but the court granting the said order of confirmation upon said evidence, in which the lands were shown to be of comparatively little value; whereas in truth and in fact same was now shown to be of great value greatly in excess of the obligation of these defendants to the plaintiffs.

"(5) Because of fraud practiced upon the court in obtaining said order of confirmation, in that the attorneys for plaintiffs repeatedly represented to the court that all they wanted was their money and the judgment to be paid; whereas, since the making of said order the defendant Allen has repeatedly offered to pay the full amount of said judgment and costs and plaintiffs' attorneys, knowing the present values of said lands have refused to accept the payments of the judgments as they so often expressed to this court they stood willing and anxious to do, but are now demanding the full payment of the pound of flesh as was done by one of old.

"(6) Because of irregularity in obtaining said order of confirmation, in this: That said order was received and made upon the representations of the attorneys for the plaintiff in that they stood ready to accept the money upon the judgment at any time, and that in face of the fact that the defendant was pleading for time until this January term of the court to raise the money, and the court in granting the order said that it would make no difference whether the order of confirmation was made at the time it was made or wait until the January term of court, when all that the plaintiffs were asking was their money and that it could be paid as well after the order of confirmation as before if the defendant could raise it; whereas, in truth and in fact the attorneys for the plaintiffs have colluded with others in holding said lands, have even taken an interest in the said lands and judgment and are now trying to appropriate to themselves profit and revenue from withholding of the acceptance of the money due upon the judgment.

"(7) Because the attorneys for the plaintiffs have clouded the title and otherwise undertaken to annoy the defendant Allen by demanding the excess over the bid for the lands from the defendant Allen and by recording with the court clerk the order of confirmation made in this case and otherwise causing the defendants trouble in an equitable settlement of this judgment.

"(8) Because in equity and good conscience the plaintiffs are not entitled to any more than the amount of their judgment, together with interest and costs, all of which the defendants stand ready to tender into court and pay.

"Wherefore defendants ask that said order of confirmation be vacated, and that upon hearing this honorable court grant a resale of the property, in order that full justice may be done the defendants, and that plaintiffs are not given more than they are entitled to in equity."

Plaintiffs filed their special appearance and motion to dismiss defendants' motion to vacate the court's order of confirmation, which was overruled; and thereafter plaintiffs filed, in succession, their motion to strike the motion of defendants to set aside said confirmation, and demurrer to said motion, which said motion to strike and said demurrer, omitting the captions thereof, are as follows:

"Now come Mary P. Hall and Henry T. Smith, plaintiffs in the above-styled cause and respectfully show the court:

"First. That no notice of the filing of the motion to vacate the order confirming sale or of the hearing thereon has been served upon Edward R. Holmes or Ralph W. Holmes, the purchasers of the land involved at the foreclosure sale.

"Second. That the motion to vacate the order confirming sale is not verified.

"Third. That said motion does not state or purport to state any sufficient grounds for the setting aside of the order, does not set forth any mistake, neglect, or omission of the clerk or irregularity in obtaining the order, does not set forth any fraud practiced by the successful party in obtaining the order, nor any other ground to give this court jurisdiction to set aside the order.

"Fourth. That the motion purports to be filed on behalf of both defendants Ola Holloway and D. E. Allen; whereas, the attorney filing the same is not authorized to file any motion or enter any appearance on behalf of the defendant Ola Holloway, or represent her in any capacity.

"Fifth. That said motion was not filed during the term in which the order was entered and was not filed within time, but was filed at a later term and does not confer jurisdiction upon this court to vacate or set aside the order sought to be set aside.

"Wherefore plaintiffs pray that said motion be stricken from the record and from the files, and that the same be dismissed."

"Now comes Mary P. Hall and Henry T. Smith, plaintiffs in the above-styled cause, and, first, demur to the motion to vacate the order confirming sale filed in this cause on the 3d day of January, 1916, and for grounds of objection state: (a) That said motion does not state facts sufficient to constitute a ground for vacating or setting aside the order. (b) That there is a misjoinder or nonjoinder, in that the purchasers, Edward R. Holmes and Ralph W. Holmes, have not been joined or served with notice.

"Second. Plaintiffs further demur to the first ground set forth in said motion for the reason that it does not state facts sufficient to constitute a ground for setting aside or vacating the order, and for the further reason that the objection was raised or should have been raised on objection to the confirmation of sale and cannot be raised at this time.

"Third. Plaintiffs further demur to the second ground set forth in said motion for the reason that it does not state facts sufficient to constitute a ground for setting aside or vacating the order, and for the further reason that the objection was raised or should have been raised on objection to the confirmation of sale and cannot be raised at this time.

"Fourth. Plaintiffs further demur to the third ground set forth in said motion, and for ground of objection state that the same does not set forth facts sufficient to constitute a ground for setting aside the order.

"Fifth. Plaintiffs further demur to the fourth ground set forth in said motion, and for ground of objection state that the same does not set forth facts sufficient to constitute a ground for setting aside the order and for the further reason that it is not verified.

"Sixth. Plaintiffs further demur to the fifth ground set forth in said motion and for ground of objection state, that the same does not set forth facts sufficient to constitute a ground for setting aside the order, and for the further reason that it is not verified.

"Seventh. Plaintiffs further demur to the sixth ground set forth in said motion, and for ground of objection state that the same does not set forth facts sufficient to constitute a ground for setting aside the order and for the further reason that it is not verified.

"Eighth. Plaintiffs further demur to the seventh ground set forth in said motion, and for ground of objection state that the same does not set forth facts sufficient to constitute a ground for setting aside the order, and for the further reason that it is not verified.

"Ninth. Plaintiffs further demur to the eighth ground set forth in said motion, and for ground of objection state that the same does not set forth facts sufficient to constitute a ground for setting aside the order, and for the further reason that it is not verified."

Each of which (said motion to strike and said demurrer) was overruled.

On the same day as the filing of said special appearance, plaintiffs filed their verified answer to motion to vacate and set aside said order confirming sale, which said answer, omitting the caption, is as follows:

"Now come Mary P. Hall and Henry T. Smith, plaintiffs, and for answer to the mo-

tion of the defendant to vacate the order confirming sale, deny each and every allegation in said motion contained except that which may be hereinafter expressly admitted.

"Further answering, plaintiffs deny that there is any newly discovered evidence as to the value of the lands in question or of any other fact at issue or involved in the action, that any fraud was practiced upon the court or upon the defendants in obtaining the order of confirmation or in any other procedure by the plaintiffs or by their attorneys, but state that neither the plaintiffs nor their attorneys represented, stated, or promised that the defendants would be permitted to redeem the land involved or to pay off the judgment and recover the land at any time in the future, that the plaintiffs nor their attorneys did not state to the defendants nor to the court that the defendants might have any length of time in which to redeem the property.

"Further answering, plaintiffs state that the description of the property set forth in the order of sale and in the notice of sheriff's sale is true and correct, is the correct legal description of the land, properly describes the land, and is the only legal description thereof, and is the description usually used, that it is the prevailing and universal custom in the county of Carter and within this section of the state of Oklahoma to describe land by the number of the section, township, and range and by the portions of the section designated by the points of the compass, that the abbreviations thereof are usually and universally used in Carter county and in this section of the state, are understood by every one, have only the one meaning, and cannot be misinterpreted, that the letters and figures 'N. W. ¼' are uniformly used to mean the northwest quarter, that those letters and figures do mean the northwest quarter, mean only that and cannot be misinterpreted or interpreted to mean anything else, that all persons describing land use such letters and figures and understand their meaning, and such letters and figures cannot be misinterpreted and are not misinterpreted by any person, that such letters and symbols are the usual and customary methods of describing, are the best methods and the only methods that will not mislead, that, as above stated, there is a local custom and usage of such letters and figures, and there is also a custom universal in all parts of the United States in which governmental survey prevails, to use such letters and figures and such letters and figures, to wit, 'N. W. ¼,' have everywhere the one and only meaning of the northwest quarter."

No evidence was taken in support of said motion to vacate the order confirming sale, and said motion was not verified.

The court took the question involved under advisement, and two days thereafter found and granted said motion to vacate and set aside the confirmation of said sale.

Four days after the court had set aside the confirmation of said sale, plaintiffs filed their verified amended motion, which motion, omitting the caption, is as follows:

"Mary P. Hall and Henry T. Smith, plaintiffs in the above-entitled cause, and permission of the court being first obtained, file this as their amended motion to strike from the files and overrule the objections of the defendant to the foreclosure sale had herein, and further move the court to confirm said sale.

"And in support thereof, the plaintiffs deny each and every allegation in the motion and objection of the defendants contained, and respectfully show the court that all proceedings had under or by virtue of the judgment and foreclosure and under or by virtue of the order of sale issue herein are entirely regular and in conformity to the statutes in such cases made and provided, that there is no defect or irregularity in said proceedings, that the land brought a fair and reasonable price, that the land sold was not worth more than $1,200, that it is rough land, covered with small practically worthless timber and with only a very few acres, not more than five or six, in cultivation, that it is at least 19 miles from a railway station and at least 40 miles from Ardmore, the county seat, that at the sale it brought much more than two-thirds of its actual value, that at the time of the sale it was subject to a prior lien for unpaid taxes of more than $165, and that since that time the penalties thereon have accrued at the rate of 18 per cent. per annum, and that there is now due thereon taxes for the year 1915, in the sum of $53.79 and penalty since January 1, 1916.

"Plaintiffs further state that, in support hereof as a part of this motion and as proof of the facts herein stated, they have attached hereto the affidavits of Ola Holloway, John J. Yell, and Buck Garrett.

"Wherefore, plaintiffs pray that the motion and objections of the defendants, seeking to set aside the sale had herein, be stricken from the files, and overruled, and that the sale be confirmed."

On the same day the said motion was filed by defendants, Edward R. and Ralph W. Holmes, the successful bidders at said sale under said foreclosure, together with Will H. Smith, to whom, subsequent to the purchase of said lands, said purchasers had sold the same, filed their motion to vacate and set aside order setting aside confirmation of sale, which motion, omitting the caption, is as follows:

"Now comes Edward R. Holmes, Ralph W. Holmes, and Will H. Smith, petitioners, and respectfully show the court that said Edward R. Holmes and Ralph W. Holmes were the successful bidders and the purchasers of the land involved in this action at the foreclosure sale, had in pursuance to the judgment

of foreclosure and order of sale; that, as disclosed by the record herein, an order was entered in this cause on the 4th day of November, 1915, confirming the sale and directing the sheriff to execute a deed to the purchasers; that thereafter by virtue of a deed executed by the said Edward R. Holmes, Ralph W. Holmes, and Judith Holmes, his wife, to the said Will H. Smith, which deed was acknowledged by the grantors, on the 23d day of November, 1915, said Will H. Smith, one of the petitioners herein, became the owner of all rights of the said purchasers the said Edward R. Holmes and Ralph W. Holmes, in and to the premises involved. The original deed above described is attached hereto as a part hereof and as proof of the facts herein stated, marked 'Exhibit A.'

"Petitioners further show that, by virtue of the judgment entered herein, the order of sale, the sale and confirmation of sale, they became the owners of the real estate involved, to wit: The northwest quarter (N. W. ¼) of section nine (9), township two (2) south, range three (3) west in Carter county, Oklahoma.

"Petitioners further show that thereafter and on the 17th day of January, 1916, there was entered an order purporting to vacate and set aside the confirmation of sale; that said order purporting to vacate and set aside the confirmation was obtained by irregularity, by fraud, and without these petitioners or any of them having an opportunity to defend; that no notice was served upon these petitioners or any of them; that the said Edward R. Holmes and Ralph W. Holmes were and are nonresidents of the state of Oklahoma, and were and are absent from the state; that they had no notice or knowledge of any motion being filed or any proceedings being had to vacate or set aside the order confirming the sale; that the said Will H. Smith was at the time of the filing of the motion and of the entering of said order absent from the county and state; that he had been absent from the county and state since the 22d day of December, 1915, practically ever since, had been in Richmond, Va., and returned direct from Richmond, Va., arriving in Ardmore at 11:55 a. m., on the 18th day of January, 1916; that he had no notice or knowledge of the filing of any motion to vacate the confirmation of sale or of any proceedings to vacate said confirmation until after his arrival in Ardmore on said 18th day of January, 1916; that none of the petitioners, either the said Edward R. Holmes, Ralph W. Holmes, or Will H. Smith, had any opportunity or chance to appear or defend their rights or to resist the motion to set aside the confirmation; that it affects their material rights, in that it casts a cloud upon and seeks to deprive them of their title to the land involved.

"Petitioners further show that they have a good and valid defense to the motion to set aside said confirmation and, if allowed an opportunity, could successfully defend against said motion; that said motion does not state grounds sufficient to constitute a cause for

setting aside of the confirmation: that said motion is filed out of time and after the term at which the order of confirmation was entered and did not confer jurisdiction upon the court to vacate, set aside, or alter the order of confirmation; that said motion is not verified, and no proof of the facts therein stated have been offered, taken, or submitted.

"Petitioners further show that in the obtaining of the order of confirmation, or in any of the proceedings under the judgment of foreclosure or order of sale, there was no mistake, omission, or neglect of the clerk, and there was no irregularity in obtaining the order; that no fraud was practiced by any party thereto, or any attorney in the cause, unless it was by and on behalf of the defendants, at whose instance the order of confirmation was set aside; that there has been no newly discovered evidence, and that the defendants were in possession of all facts relating to the issues on the 4th day of November, 1915; that no false or untrue representations have ever been made by the plaintiffs in the action, or by the petitioners or their attorneys, either to the defendants or either of them, or to the court; that all proceedings under or by virtue of the judgment of foreclosure and order of sale are entirely regular and legal and in conformity with the laws governing such acts and procedure; that the sale was fair and for an adequate price; that the property at the time of the sale and at the time of the confirmation was not worth to exceed $1,200; that the price paid for the property was much more than two-thirds of the value thereof; that at the time of the sale the property was subject to a prior lien for taxes of $170, on which penalty was accruing at the rate of 18 per cent. per annum; that the price paid for the property was therefore in excess of $1,120; that the description of the property in all procedures was regular and usual and easily and well understood by all persons; that the letters and figures 'N. W. ¼' are universally and customarily used to denote the 'northwest quarter,' are recognized by every one to mean that, can mean nothing else, and is clear and unmistakable to every one."

"Petitioners further show that neither at the time of the confirmation nor at any other time did the plaintiffs, their attorneys, or these petitioners represent to the defendants or either of them that they might have any time whatsoever in the future in which to redeem the land from the sale; that immediately after the sale, in pursuance to the order of sale, the said petitioners, Edward R. Holmes and Ralph W. Holmes, became the owners of the property, and it was never represented to the defendants that the property could be redeemed at any definite time or at any length of time whatsoever in the future.

"Petitioners further show that no material facts stated in the motion of defendants to set aside the confirmation of sale are true; that no sufficient ground for the setting aside of the sale was alleged and no sufficient

ground existed; that the setting aside of the sale was an error, was an action without jurisdiction, and is as against these petitioners and each of them null and void.

"Petitioners further show that they were not represented at the hearing to vacate and set aside the order of confirmation; that the attorneys now representing them were not authorized to represent the said Edward R. Holmes and Ralph W. Holmes until the 19th day of January, 1916, were not authorized to act as attorneys for the petitioner Will H. Smith until the 18th day of January, 1916.

"Petitioner further shows that no order was made, entered, or filed in this cause on the 4th day of November, 1915, extending the time within which defendants might make and serve case-made nor allowing the order to be superseded; that no such order was made, filed, or entered until the —— day of December, 1915; that on the —— day of December, 1915, being at a subsequent term of court, there was at the instance of the defendant signed and filed an order dated November 4, 1915, purporting to extend the time within which to make and serve case-made and allowing the order of confirmation to be superseded; that no such order was, in fact, made on the 4th day of November, 1915; that if such order had been made on the 4th day of November, 1915, the signing and filing of such order on the —— day of December, 1915, could only be proper as an order nunc pro tunc after notice to all parties; that no notice was given, and such order could not in any view or under any circumstances be entered at that time to the prejudice of parties who had acquired rights before it was entered; that if such order was in fact made on November 4, 1915, neither of the petitioners had any knowledge thereof, and petitioner Will H. Smith had prior to the day the order was signed and filed and after the time for making and serving case-made had expired and the order of confirmation became final, acquired his rights in the premises as above set out; and that the order of confirmation cannot later be set aside, vacated, or altered to his prejudice.

"Petitioner further shows that, as a part of this motion, as proof of the facts herein stated and in support thereof, they attach the affidavits of Earl Q. Gray and Will H. Smith as 'Exhibits B and C,' and refer to and offer as evidence in support of this motion the affidavits of John J. Yell, Buck Garrett, and Ola Holloway, which are filed in this cause and attached to the amended motion of plaintiffs to confirm the sale, which affidavits are made a part of this motion.

"Wherefore petitioners and each of them pray that the order entered herein on the 17th day of January, 1916, purporting to set aside the confirmation of sale entered on the 4th day of November, 1915, be vacated, set aside, and held for naught, and that all parties be restored to the position in which they were in before said order was entered on the 17th day of January, 1916, and further pray that they have such other and fur-

ther relief as to the court may seem just and equitable."

Evidence was offered on said motion, which we deem unnecessary to recite. The court overruled the said motion of said purchasers of said land and set aside said sale of said land; and thereafter said purchasers moved to fix a supersedeas bond, and for time within which to make and serve a case-made, which motion was overruled.

In due time the purchasers moved the court for a new trial, which on motion of defendants was stricken from the files, to which exception was saved.

The case-made was served within the statutory 15 days, which the court refused to sign or settle, and application was made to this court for writ of mandamus to compel the trial court to settle said case-made. Order of mandamus to issue was granted, unless the case-made was settled; and thereupon the case-made was duly signed and settled and this appeal perfected by the plaintiffs and purchasers.

After the court made the order setting aside the said confirmation of sale, the said defendant Allen paid into court the amount of judgment rendered, interest, and costs.

We are first met with a motion to dismiss appeal upon the ground that the appeal was not taken from an appealable order. With this contention we cannot agree. Section 5237, Rev. Laws 1910, provides that an appeal lies to this court from an order "affecting a substantial right * * * upon a summary application, in an action after judgment is a final order."

We do not think that there is any question but that the setting aside of the confirmation of said sale affected the substantial rights of the purchasers at said sale, who were in fact necessary parties to the motion to set aside said confirmation. Howse v. Moody, 14 Fla. 59; 24 Cyc. 44, 2; Ogden v. Davidson, 81 Va. 757; Burks v. Bennett, 62 Tex. 277.

"The general rule is that an appeal will lie from an order or decree of the court or chancellor upon a motion to confirm, or to open, vacate or set aside an execution or judicial sale. * * *" 3 Corpus Juris, 533, and the many authorities there cited.

In Otis Bros. v. Nash et al., 26 Wash. 39, 66 Pac. 111, it is said:

"This was an order made after judgment. It was final in its nature, and affected a substantial right, for the reason that it purported to set aside a sale of real estate made by the sheriff, and under such sale the appellant had acquired substantial rights if

said sale was authorized in law. It does not meet the point to say that the appellant could have had a new sale of the same property, and for that reason the order was' not final in its effect. The order did not undertake to nullify the sale that was made, and by its terms finally and forever undertook to determine any rights that may have existed under said sale."

The motion to' dismiss appeal is without merit and must be denied.

The only other material questions involved in this appeal are the action of the court in setting aside the order confirming· the sale, and the setting aside of the sale made under the judgment rendered for plaintiffs.

The motion to set aside the confirmation of sale is based upon section 5267, Revised Laws 1910, and we are of the opinion that the motion does not contain the necessary averments of facts to entitle the movant to the relief prayed. It is true that the motion contains many conclusions of law to bring the movant within the right of the relief sought, but it is lacking in necessary averments of fact, and this want of jurisdictional facts is not shown by any of the admissions in the answer of the purchasers, and the court was therefore without jurisdiction, after the term at which the confirmation was made· to set aside the same, except in strict conformity with section 5267, Revised Laws 1910, and, the motion to set aside the confirmation failing to state jurisdictional grounds · therefor, the court committed prejudicial error in granting the order setting aside the said order confirming said sale. McKee v. Howard, 38 Okla. 422, 134 Pac. 44; McAdams v. Latham, 21 Okla. 511, 96 Pac. 584; Jenkins v. Brown, 46 Okla. 132, 148 Pac. 697; Matson v. Chandler Building & Loan Ass'n, 61 Okla. 230, 157 Pac. 366.

By filing the motion to set aside the order setting aside the order of confirmation of said sale, the purchasers at said sale whose material rights were affected became parties to the material questions involved in this appeal.

The court sustained said motion to vacate the order of confirmation—a motion lacking in statement of facts necessary to give the court jurisdiction—without evidence to support the same, and in face of the verified answer of defendant denying the material allegations stated in the motion and without notice to the purchasers, or their being parties to said motion. Even had the motion to vacate said confirmation of sale contained a statement of facts sufficient to give the court jurisdiction, the court, in the absence of evidence to sustain the averments of said petition, in face of the verified answer of defendants denying the material allegations of same and the absence of the purchasers as parties to the motion, the order of the court setting aside said confirmation of sale was without the slightest warrant of law and was prejudicial error.

The fact that after the confirmation of the sale the defendants deposited in court the amount of the judgment, together with interest and costs, or that said Allen executed a supersedeas bond in the case, without perfecting an appeal to this court in such case, has no bearing upon any question at issue here.

The court having committed prejudicial error in setting aside the confirmation of sale, it follows that its order setting aside the sale was necessarily erroneous, as it is entirely inconsistent for the sale to be confirmed and at the same time the sale to be set aside.

The case is reversed and remanded, with instructions to the trial court to set aside the order setting aside the confirmation of sale and the setting aside of said sale, and to direct the sheriff, if the payment of the purchase price at said sale has been made by the purchasers, to execute to the purchasers at said sale a proper conveyance of said land.

By the Court: It is so ordered.