CHARLOTTE L. BELL, trustee, *vs.* ERNEST R. BUFFINTON.

Suffolk.   December 12, 1922. — March 2, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Soldiers' and Sailors' Civil Relief Act.  Mortgage,* Of real estate: foreclosure by entry.

Neither § 302 nor § 205 of the soldiers' and sailors' civil relief act, 40 U. S. Sts. at Large, 444, 443, is effectual to prevent the foreclosure under R. L. c. 187, §§ 1, 2, of a mortgage of real estate by an entry on November 23, 1918, the recording of the statutory certificate on December 12, 1918, and the retaining of possession for three years.

PETITION, filed in the Land Court on February 28, 1920, for the registration of the title to land on Jewell Place in that part of Boston called Roxbury.

In the Land Court, the petition was heard by *Davis*, J. Material facts found and rulings of law by the judge are described in the opinion. A decree was ordered for the petitioner; and the respondent alleged exceptions.

The case was submitted on briefs.

*J. S. Richardson*, for the respondent.

*M. Coggan, L. C. Coggan & A. Robinson*, for the petitioner.

DE COURCY, J. The petitioner claims title to two lots of land in Roxbury through the foreclosure of mortgages by entry and three years' possession, under R. L. c. 187, §§ 1, 2. The entries were made on November 23, 1918, and the statutory certificates were recorded on December 12, 1918. The respondent was the original mortgagor, and his wife later became owner of the equity of redemption. He was in the military service of the United States from June 15, 1918, until August 28, 1919, and contests the validity of the foreclosures solely by reason of the soldiers' and sailors' civil relief act, U. S. St. 1918, c. 20, § 302; 40 U. S. Sts. at Large, 444.

Section 302 restricts sales under powers, and under warrants to confess judgment; but it has no application to mortgage foreclosures by entry and possession under R. L. c. 187, § 1. *John Hancock Mutual Life Ins. Co.* v. *Lester*, 234 Mass. 559, 561. See *Morse* v. *Stober*, 233 Mass. 223, 226. Presumably Congress did not deem such extraordinary relief measures necessary where the title of the mortgagor would not be foreclosed until the possession by the mortgagee had continued for three years.

The respondent further contended that by virtue of § 205 of said soldiers' and sailors' act the term of possession could not begin to run against him until his discharge from the army in August, 1919. That section merely provides that the period of military service shall not be included in the time limited by statutes for the bringing of actions. See *Halle* v. *Cavanaugh*, 79 N. H. 418; *Steinfield* v. *Massachusetts Bonding & Ins. Co.* 79 N. H. 422. R. L. c. 187, § 1, under which the foreclosure was made, is not a statute of limitations; and said § 205 has no application to proceedings under it.

No error is shown in the rulings, refusals to rule, or order for a decree, made by the Land Court.

*Exceptions overruled.*