## SMITH v. MINERS NAT. BANK of HENRYETTA et al.

No. 18095. Opinion Filed May 1, 1928.

Rehearing Denied Feb. 12, 1929.

John T. Cooper, for plaintiff in error.

R. E. Simpson, for defendants in error.

DIFFENDAFFER, C. It appears from the record that on the 18th day of April, 1921, James R. Smith was the owner of the southwest quarter of the southeast quarter of section 17, township 12, range 14, in Okmulgee county; that on that date, said James R. Smith and Minnie Smith, his wife, executed a mortgage to the Miners National Bank of Henryetta to secure a note of that date executed by Smith and his wife to the bank for the sum of $300, due October 15, 1921. On December 6, 1921, suit was filed on said note and mortgage, summons was issued and served on James R. Smith, December 9, 1921. On December 13th, summons was issued directed to the sheriff of McIntosh county and served personally on Minnie Smith on December 15, 1921, and returned December 16th. On January 27, 1922, defendants being in default, judgment was rendered on the note, and decree entered foreclosing the mortgage. On November 3, 1925, an assignment of said judgment and decree, together with all rights thereunder to one V. V. Morgan, signed: "The Miners National Bank of Henryetta, by Irving Page, its duly appointed, qualified and acting Receiver," was filed. This assignment was dated October 14, 1925. On November 3, 1925, an order of sale in due form was issued directed to the sheriff of Okmulgee county. December 15, 1925, the sheriff filed his return on the order of sale, showing due advertisement and sale of said land to one V. V. Morgan, and on the same date Morgan filed motion to confirm the sale. January 2, 1926, an order confirming the sale and directing the sheriff to execute deed was entered and filed of record January 15, 1926. May 14, 1926, Minnie Smith filed her motion to set aside the order of sale and the order confirming the sale, and as grounds therefor alleged that the land was the homestead of James R. Smith and Minnie Smith, who were husband and wife; that James R. Smith, the owner of the property, had been dead for more than one year prior to the date the order of sale was issued, and that no revivor had been made by the court in said case. On November 6, 1926, she filed an amended motion in which she set out more in detail the grounds above mentioned, and, in addition, alleged that James R. Smith had been dead for more than one year before the order of sale was issued, and that no administrator of his estate had been appointed and no order of revivor had been entered, and that James R. Smith left a minor child, James R. Smith, Jr., who "is still a minor and no guardian ad litem had been appointed to represent

him in this case since the death of the said James R. Smith." This motion was heard on November 6, 1926, and denied, from which order, movant, Minnie Smith, appeals.

The contention of plaintiff in error is that the court erred in overruling the motion to set aside the order of sale and order confirming the sale, for the reason that the judgment and decree was dead at the time the order of sale was issued, in that James R. Smith had been dead more than one year and that the judgment and decree became dormant upon his death, and not being revived within one year, no valid order of sale could be issued thereunder.

Our attention is called to the case of Cudjo v. Harris, 119 Okla. 69, 248 Pac. 343, as authority in support of the order here appealed from. We believe the rule announced in the second paragraph of the syllabus in that case precludes the plaintiff in error from the relief sought in the instant case.

Cudjo v. Harris, supra, was a case where Cudjo and his wife had executed a mortgage on two tracts of land, the one owned by Cudjo and the other by his wife. His wife died before suit was filed to foreclose the mortgage, and Cudjo and the minor children were made defendants, and summons duly served on Cudjo. Foreclosure was decreed, an order of sale issued, and sale had thereunder, and the sale duly confirmed. Motion to vacate was made by Cudjo, joined by the minors, based upon the fact that sale was made in less than six months after the decree, and that the mortgage upon which the decree was had had the clause "appraisement waived" inserted therein, and that the sale was for that reason void. This court in denying relief to Cudjo held:

"But where no exceptions to the sheriff's return of sale are filed, and no objection interposed against confirmation, an order confirming such sale is conclusive on all parties sui juris after the expiration of the term, and is impervious to attack by motion to vacate thereafter filed on nonjurisdictional grounds."

In the instant case, Minnie Smith is in the same position that Cudjo was in that case. Summons was duly served upon her in the foreclosure proceedings. The court had jurisdiction of the subject-matter and of the parties. No appeal was taken from the judgment. No objection to the sale or confirmation thereof was filed. We think the confirmation of the sheriff's sale was conclusive as to movant in this case.

In the Cudjo Case relief was granted to the two children, who were minors at the time the motion to set aside the sale was filed, upon the grounds that their rights could not be prejudiced by the failure of their guardian ad litem to file timely objection to the sale and confirmation thereof.

We do not wish to be understood as holding in this case that the minor child, James R. Smith, Jr., would not be entitled to relief in the instant case, were he a party to these proceedings. That question is not before us for the reason that he was not a party to the original suit, and is not a party to the motion, or these proceedings, and for that reason we express no opinion as to the validity of the sale, as against said minor.

If the mortgagor's wife is made a party to a proceeding to foreclose his mortgage, and subsequently acquires such interest as her husband had in the land, she is bound by the foreclosure decree, 19 R. C. L., p. 557. Gouwens v. Gouwens, 222 Ill. 223.

The judgment and decree was not dead, or even dormant, as to plaintiff in error. Five years had not elapsed since the decree of foreclosure was entered, and no revivor was necessary in order to sell the interest in the land owned by Mary Smith at the date of the decree, or the interest acquired by her from her husband after the decree, whether such interest was acquired by purchase or descent.

For the reasons stated, we are of the opinion that the sale was conclusive as to plaintiff in error, after the expiration of the term at which it was confirmed, and that the judgment should be affirmed.

BENNETT, TEEHEE, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 42 C. J. p. 165, §1777; 19 R. C. L. p. 557. (2) 42 C. J. p. 237, §1877.