### BAKER v. HOME BUILDING & LOAN ASS'N et al.

No. 25980.    Feb. 16, 1937.

J. J. Henderson, for plaintiff in error.

Albert H. Bell, for defendants in error.

PER CURIAM. This action was instituted by plaintiff in error as an attack on the validity of a sale of real estate made pursuant to a decree of foreclosure in an action in which Home Building & Loan Association was plaintiff and Grace E. Baker was defendant. It is contended that the sale was invalid (1) because the notice of sale was published in a paper which was not of general circulation in Tulsa county, and (2) because the sale was made at a place other than that designated in the notice of sale, which resulted in misleading prospective bidders and preventing competitive bidding and a fair sale. It was alleged that the sheriff's return of sale recited that the sale was made at the place designated in the notice, and that such return was prepared for the sheriff by the attorney for the plaintiff, and that the return so made was a fraud on the court. The sale was made November 21, 1931, and was thereafter duly confirmed. This action attacking the validity of the sale was instituted September 21, 1933.

In a mortgage foreclosure proceeding, the sale of the mortgaged property is a judicial sale, and confirmation is a final and binding judgment of the court. Hall et al. v. Holloway, 62 Okla. 192, 162 P. 188; Moore v. McPherson, 106 Kan. 268, 187 P. 884.

Failure to publish the notice of sale in a paper of general circulation in the county is not a jurisdictional defect, but is a mere irregularity. If no objections are interposed against confirmation, the order confirming such sale is conclusive on all parties after the expiration of the term. Cudjo v. Harris, 119 Okla. 69, 248 P. 343; Smith v. Miners National Bank, 135 Okla. 146, 276 P. 197; Carpenter v. Zarbuck, 74 Ark. 474, 86 S. W. 299.

In considering the second ground of attack, it is unnecessary to determine whether the facts alleged in the petition are such that if they had appeared on the face of the proceedings, the sale would have been void for want of jurisdiction notwithstanding the confirmation. Cf. Folsom v. Mid-Continent Life Insurance Co., 94 Okla. 181, 221 P. 486.

The petition alleged that the sheriff's return reported that the sale had been made at the place designated in the notice. The proceedings were regular according to the face of the record. In those circumstances, the order of confirmation was not void even though the manner of sale would have rendered such sale void if the facts had been reflected on the face of the record, and was conclusive as to the validity of the sale unless set aside in direct proceedings authorized by law. Edwards v. Smith, 42 Okla. 544, 142 P. 302; Pettis v. Johnston, 78 Okla. 277, 190 P. 681. Subdivision 3 of section 556, O. S. 1931, provides a method for setting aside orders which have been irregularly obtained. Such statutory remedy during the three years following the rendition of the judgment is exclusive of relief in equity unless there are special reasons in a particular case why the statutory remedy is inadequate. Pettis v. Johnston, supra; Frost v. Akin, 60 Okla. 174, 159 P. 752; Crist v. Cosby, 11 Okla. 635, 69 P. 885; Harris v. Smiley, 36 Okla. 89, 128 P. 276; Gale Mfg. Co. v. Sleeper, 70 Kan. 806, 79 P. 648; Moore v. McPherson, 106 Kan. 268, 187 P. 884.

The remedy provided by the statute was available to plaintiff at the time this action was filed, and was exclusive of relief in a separate suit whether such relief be sought on equitable or legal grounds. The demurrer was properly sustained, and the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys C. B. Cochran and G. A. Paul in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cochran and approved by Mr. Paul, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

BAYLESS, V. C. J., and BUSBY, WELCH, PHELPS, and GIBSON, JJ., concur.