STATE ex rel. COM'RS of the LAND OFFICE v. WARDEN et al.

No. 32075.    May 7, 1946.

*168 P. 2d 1010.*

Everett H. Welborn and Richard A. Jackson, both of Oklahoma City, for plaintiff in error.

Cook & Bingaman, of Purcell, for defendants in error.

RILEY, J. This is an appeal from a judgment setting aside a sale and confirmation of sale under a judgment entered in an action to foreclose a real estate mortgage.

On August 15, 1929, Irving C. Warden and Bessie S. Warden, husband and wife, being the owners of the land involved, located in McClain county, executed and delivered their promissory note, and mortgage securing the same, to the Commissioners of the Land Office. Thereafter they conveyed the land to Mabel M. Smith, who died June 17, 1936, leaving as her sole heirs, her husband, V. V. Smith, and three children, Colbert Smith, Theople Smith (now Cole), and Jean Smith (now Griffith).

Action to foreclose the mortgage was commenced in the district court of McClain county seeking a money judgment against Irving C. Warden and Bessie S. Warden. Theople Cole (nee Smith), Jean Smith (now Griffith), Colbert Smith, and V. V. Smith were made parties defendant. Other persons were made parties defendant but they defaulted. After the action was commenced, V. V. Smith, by quitclaim deed, conveyed all his right, title, and interest in the property to the three children of Mabel M. Smith.

At the time the action was commenced, defendant Colbert Smith was a minor, over the age of 14 years, as alleged in the petition. Summons was served on him, but to represent him, no guardian ad litem was appointed. On January 16, 1941, before judgment was rendered, Colbert Smith attained the age of majority. When the case came on for trial, March 5, 1941, one of the attorneys for the plaintiff filed a nonmilitary affidavit, required by the Soldiers' and Sailors' Civil Relief Act of 1940, stating that none of the defendants was then in the military service of the United States; that defendants and each of them had been legally served and duly notified of the commencement of the action and had not appeared or pleaded, and they were in default. Judgment was entered that same day, for the plaintiff, reciting that said defendants Theople Cole, Jean Smith, Colbert Smith, and V. V. Smith appeared by their attorneys.

Personal judgment was rendered against the defendants Irving C. Warden and Bessie S. Warden in the sum of $3,113.05 with interest thereon from March 5, 1941, at the rate of 10% per annum, and for costs including $175 attorney's fees, and for the foreclosure of the mortgage as against all of the defendants.

Thereafter, on July 21, 1941, defendant Colbert Smith was inducted into the military service of the United States. He was engaged in that service when the hearing was had in the proceedings now involved.

December 15, 1941, an order of sale was issued, directing the sale of the property, without appraisement. The land was advertised and sold to the plaintiff, State of Oklahoma, for the sum of $2,000. On January 21, 1942, motion to confirm the sale was filed, and on March 5, 1942, the sale was confirmed.

Thereafter, on November 22, 1943, defendant Colbert Smith, joined by his two sisters, filed in the action a "Petition showing cause against judgment.

. . . for new trial and to vacate judgment confirming sheriff's sale, and sheriff's deed . . .". Petitioners assailed the original judgment on the ground that an execessive rate of interest had been charged as against Colbert Smith during the period of his military service. Petitioners attacked the sale and confirmation upon the ground that the confirmation was a judgment of the court rendered against the defendant Colbert Smith, by default, while he was in the military service of the United States and without any nonmilitary affidavit having been filed at the time the judgment was entered.

Petitioners alleged that the State of Oklahoma, through the Commissioners of the Land Office, was threatening to sell the property, or a part thereof, so as to cast a cloud upon the title of the defendant. They prayed for a restraining order to prevent a subsequent sale of the land. A restraining order was issued but later modified to the extent that the Commissioners of the Land Office were authorized to sell an oil and gas lease covering the land. The order directed that the proceeds of the sale of any oil and gas lease be deposited in court to await further order of court.

Summons was issued on the petition and served on Robert S. Kerr, Chairman of the Commissioners of the Land Office. Motion to quash the summons and service was filed and overruled. A demurrer to the petition was filed, and defendants obtained leave to amend and amended their petition. The demurrer was overruled and the state, as plaintiff, answered. The issues joined were tried to the court, resulting in a general finding in favor of defendants. The judgment vacated the order confirming the sheriff's sale, the sheriff's sale and deed, and the judgment of foreclosure. The court reduced the interest rate from 10% per annum to 6% after July 21, 1941, the date defendant Colbert Smith entered the military service, and found the amount due on the debt. The judgment decreed an oil and gas lease to be a valid and subsisting oil and gas lease and made provision for application of the proceeds therefrom.

The state appeals and on its behalf it is contended that the trial court erred in overruling the motion to quash the summons and its service. Thereunder, plaintiff urges this to be a proceeding to vacate or modify a judgment after term time as provided by 12 O.S. 1941 §§ 1031 et seq., under subdivisions 4 to 9; that section 1033 requires the proceedings to be by verified petition and by service of summons. Plaintiff asserts that the issue arises out of the last sentence of section 1033, which provides: "On such petition a summons shall issue and be served as in the commencement of an action". The position of plaintiff is that this is a suit against the state and since the state cannot be sued without its consent, as a consequence there is no provision in our statute designating any officer upon whom service of summons may be had, and therefore it is impossible to obtain service of summons upon the Commissioners of the Land Office.

It has often been held that, when acting in its sovereign capacity, without its consent the state cannot be sued. But this is not a suit against the state. It is a proceeding authorized by law in an action commenced by the Commissioners of the Land Office on the relation of the state. This proceeding is authorized by 64 O.S. 1941 § 160. The statute provides that the Commissioners of the Land Office are authorized and empowered to bring or defend suits in the name of the state in all matters affecting loans and lands in trust or belonging to the state.

Where a state sues to enforce its rights or redress its wrongs, it is generally subject to ordinary rules of law applicable to private litigants. Ex parte State ex rel. Attorney General (Ala.) 16 So. 2d 187. The Texas courts hold the general rule to be that where a state voluntarily files a suit and submits its right for judicial determination, it will be thereby bound and in defense all matters properly defensive may be pleaded and proved, and this includes

the right to make any defense by answer or cross-complaint germane to the matter in controversy. Commonwealth of Mass. v. Davis (Tex. Civ. App.) 160 S.W. 2d 543; Commonwealth of Mass. v. United Northern (Tex. Civ. App.) 160 S.W. 2d 563.

In Arkansas, it is held:

"The state, when it becomes a suitor in its own courts, has the same right and is subject to like restrictions as private suitors and must submit to and abide by the same results." Ark. State Highway Com. v. Bush, 195 Ark. 920, 114 S.W. 2d 1061; Arkansas State Highway Com. v. Partain, 193 Ark. 803, 103 S.W. 2d 53.

In Reilly v. State, 119 Conn. 217, 175 Atl. 582, it is held:

"State by bringing action subjects itself to the procedure established for its final and complete disposition in the courts by appeal or otherwise."

By the same rule, it would appear that a state, by beginning an action and obtaining a judgment, subjects itself to the procedure established by law, including the procedure for vacating judgments.

The trial court did not err in overruling the motion to quash the summons and its service.

It is urged the trial court erred in overruling the demurrer to the petition to vacate. The demurrer admitted the truth of all material allegations of fact contained in the petition to vacate. The petition alleged that defendant Colbert Smith entered the military service of the United States on July 21, 1941, and that he had been continuously in the service ever since; that under the Soldiers' and Sailors' Civil Relief Act the rate of interest against said defendant Colbert Smith, during military service, is limited to 6% per annum; that the judgment and order of sale provided for interest at the rate of 10%, and consequently his property was offered for sale and sold at an excessive amount of judgment and interest. The petition further alleged that the purported judgment of confirmation, as shown upon its face, is a default proceeding and no affidavit was filed by the plaintiff with reference to the military service of the defendants; that the judgment of confirmation was entered while defendant Colbert Smith was in the military service; that by reason of his continuous military service, he was handicapped in meeting his financial obligations and the debt of the note sued upon, secured by the mortgage foreclosed, but that he is now able, ready, and willing to redeem his property and reimburse the School Land Department for the full amount of the judgment together with costs and expenses.

12 O.S. 1941 § 1031 does not contain all the grounds upon which a judgment may, in a proper case, be vacated. Subdivision 4, sec. 520, Title 50 App. U.S. C.A. (Soldiers' and Sailors' Civil Relief Act) provides:

"If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; . . ."

If a judgment confirming a sale in a real estate mortgage foreclosure action is a judgment within the meaning of the Soldiers' and Sailors' Civil Relief Act, the petition to vacate is sufficient to withstand the demurrer. The allegations with reference to defendant Colbert Smith are that he was a minor at the time suit was commenced; that no guardian ad litem was appointed for him. These allegations are material only as to one matter. That is whether said defendant ever entered a general

appearance in the foreclosure action. It does appear that an attorney filed a special appearance in the original action and later filed an answer, all purporting to be upon behalf of the defendant Colbert Smith and certain other defendants. At the time said pleadings were filed it clearly appears from the record that the defendant Colbert Smith was a minor and that no guardian ad litem was appointed to represent him. Therefore, the pleadings so filed were not binding upon him. Although he attained his majority January 16, 1941, some 48 days before the judgment of foreclosure was entered, he had never entered an appearance in the action.

In Berke v. Home Owners Loan Corp., 192 Okla. 124, 134 P. 2d 346, it is said:

"The sale of property under foreclosure is a judicial sale, and the order of confirmation is a final and binding judgment of the court. Baker v. Home Building & Loan Ass'n, 179 Okla. 218, 65 P. 2d 169. Such orders fall within the general classification of orders and judgments of courts of record that may be modified or vacated for the reasons and in the time and manner provided by statute."

In Baker v. Home Building & Loan Ass'n, 179 Okla. 218, 65 P. 2d 169, it is said:

"In a mortgage foreclosure proceeding, the sale of the mortgaged property is a judicial sale, and confirmation is a final and binding judgment of the court. Hall et al. v. Holloway, 62 Okla. 192, 162 P. 188; Moore v. McPherson, 106 Kan. 268, 187 P. 884."

In Moore v. McPherson, 106 Kan. 268, 187 P. 884, it was held:

"In a mortgage foreclosure, the sale of the mortgaged property is a judicial sale, and the confirmation is a final and binding judgment of the court."

See, also, Knox v. Doty, 81 Kan. 138, 105 P. 437; Carter v. Hyatt, 76 Kan. 304, 91 P. 61; Macy v. Cooper, 101 Kan. 650, 168 P. 874.

The purpose of the Soldiers' and Sailors' Civil Relief Act, stated in the first section thereof, is:

"To provide for strengthening and to expedite the national defense . . . provision is hereby made to suspend enforcement of civil liabilities in certain cases of persons in the military service of the United States . . ."

Considering this purpose, the provisions of the act are to be liberally construed so as to promote justice. Home Building & Sav. v. Flavin, 40 N.Y.S. 2d 582, affirmed 291 N.Y. 530, 50 N.E. 2d 653; Semler v. Oertwig, 234 Iowa, 233, 12 N.W. 2nd 265; Young v. Evans (Cal.) 144 P. 2d 651; Reynolds v. Haulcroft, 205 Ark. 760, 170 S.W. 2d 678; Laparouse v. Eagle Indemnity Co., 12 So. 2d 680, 202 La. 686.

Plaintiff cites and relies largely upon Ebert v. Poston, 266 U.S. 548, 69 L.Ed. 435, Bell v. Buffington, 244 Mass. 294, 137 N.E. 287, and other similar cases. Ebert v. Poston has no application for two reasons. First, the sale there involved was not a judicial sale. It was a sale by mortgagee under power granted by the statute of the State of Michigan and no judgment confirming the sale was necessary to pass title. There was no judgment in foreclosure and no judgment confirming the sale. Second, in that case, the sale was made before the enactment of the Soldiers' and Sailors' Civil Relief Act under consideration.

Bell v. Buffington, supra, holds that the Soldiers' and Sailors' Civil Relief Act had no application to nonjudicial sales. In the other cases cited by plaintiff, one or both of these conditions existed.

Considering the above decisions holding that in a mortgage foreclosure the sale of the mortgaged property is a judicial sale and a confirmation is a final and binding judgment of the court, and considering the rule of liberal construction to be applied to the Soldiers' and Sailors' Civil Relief Act, we hold that the confirmation of a sale in a mortgage foreclosure action is a

judgment within the meaning of section 520, Title 50 App. U.S.C.A., and that the petition under consideration stated a cause of action under subdivision 4, sec. 520, supra, and that it was not error to overrule the general demurrer to said petition to vacate.

It is contended that the trial court erred in overruling plaintiff's demurrer to the evidence. It is asserted that the evidence conclusively shows that defendant Colbert Smith had reached the age of majority January 16, 1941, and that he did not enter the military service until July 21, 1941; that the defendant was not in the military service on the date the judgment was rendered against him. Under such facts, it is urged the provisions of the Soldiers' and Sailors' Civil Relief Act had no application to the original judgment. But since we hold that a confirmation of a sheriff's sale was also a judgment within the meaning of the act, plaintiff's contention as to the original judgment is not material. There is no contention that there is no evidence tending to prove that said defendant Colbert Smith was in the military service March 5, 1942, the date the judgment confirming the sale was entered. The evidence conclusively shows that he was in that service on that date and had been since July 21, 1941. The trial court did not err in overruling the demurrer to the evidence.

It is contended that there was error in the judgment decreeing the amount due on plaintiff's mortgage as of August 12, 1944, the date the judgment appealed from was entered, in that the order was arbitrary and not founded on fact or law. The decree did purport to fix the amount due on plaintiff's mortgage as of that date. It should have, for the purpose of this case, only fixed the amount which defendant Colbert Smith would be required to pay

in order to redeem the land from the mortgage indebtedness, for himself and for the benefit of his two sisters. The amount of the principal indebtedness due August 15, 1934, was correctly fixed at $1,793.75. The rate of interest thereon from said date to July 21, 1941, when defendant Colbert Smith entered the military service, at 10%, was correct. But the trial court reduced the rate of interest from 10% to 6% from and after July 21, 1941. Title 50 U.S.C.A. App. § 526 fixes the period of military service during which the maximum rate of 6% interest is chargeable against a person in the military service as that which occurs after the enactment of the Soldiers' and Sailors' Civil Relief Act amendments of 1942 (Oct. 6, 1942). The court was in error in allowing the reduced rate of interest during the period between July 21, 1941, and October 6, 1942.

Complaint is also made that the court erred in directing plaintiff to account for certain funds which were supposed to have been received by plaintiff from a sale of an oil and gas lease on the land. There is no specification covering this particular alleged error. The sale of the oil and gas lease, according to the statement of counsel, was made by agreement of the parties.

The judgment of the trial court should be, and is hereby, modified so as to apply the reduced rate of interest chargeable against defendant Colbert Smith, only from and after October 6, 1942, and thereafter during his military service, and as so modified together with that part of the judgment vacating and setting aside the sheriff's sale, and vacating and setting aside the judgment of the court confirming said sale and the sheriff's deed, and in all other respects, is affirmed.

HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.