Leslie W. LANE, Jr., Plaintiff in Error,

v.

Donald I. SNITZ, Defendant in Error.

No. 40350.

Supreme Court of Oklahoma.

March 3, 1964.

Sanders, McElroy & Whitten, Tulsa, for plaintiff in error.

Rucker, Tabor, Shepherd & Palmer, O. H. "Pat" O'Neal, Tulsa, for defendant in error.

PER CURIAM.

This is an appeal from a judgment rendered upon a jury verdict in an action brought to recover damages allegedly sustained by plaintiff as the result of an automobile accident. The petition alleged such injuries resulted from the negligence of three named defendants. The defendant Lane and the driver of another vehicle were charged with various acts of active negligence. A third defendant, owner of the vehicle being operated by defendant Lane, was charged with negligence in expressly or impliedly allowing Lane to operate the vehicle with defective brakes, in violation of various ordinances in the City of Tulsa.

In view of the conclusion reached herein, it is unnecessary to consider at length the issues raised by the pleadings and evidence. At the trial the evidence established defendant was only 18 years of age and that he had been served with summons. At the close of the evidence the trial court sustained a motion for directed verdict offered by defendant Mitchell, owner of the vehicle driven by Lane. A jury verdict was returned against the remaining defendants, upon which the judgment herein appealed from was rendered.

Following rendition of judgment this defendant filed a combined motion asking judgment notwithstanding the verdict, new trial, and to set aside a void judgment rendered against a minor. The motion for new trial asserted the judgment rendered was void by reason of defendant's age and that no guardian ad litem nor general guardian had been appointed. The motion for new trial was overruled and the named defendant perfected the present appeal.

We are of the opinion this single issue is determinative of the appeal. This issue is presented by the contention that the judgment involved was invalid by reason of the failure to appoint a guardian ad litem for the minor defendant and the trial court erred in overruling the motion for new trial which raised such question.

The controlling statutes are 12 O.S.1961 §§ 228 and 229, which provide:

"§ 228. Infant defendant.—The defense of an infant must be by the guardian of his estate, if any. If there be no such guardian, then the defense of the infant must be by a guardian for the suit, who may be appointed by the court in which the action is prosecuted, or by a judge thereof, or by a County judge. The appointment cannot be made until after the service of the summons in the action, as directed in this code. R.L.1910, § 4688; Laws 1961, p. 61, § 1.

"§ 229. Appointment of guardian ad litem.—The appointment may be made upon the application of the infant, if he be of the age of fourteen years, and apply within twenty days after the return of the summons. If he be under the age of fourteen, or neglect so to apply, the appointment may be made upon the application of any friend of the infant, or that of the plaintiff in the action. R.L.1910, § 4689."

The plain provisions of Sec. 228 provide that defense of an infant *must be by a guardian appointed for the suit.* Such guardian may be appointed: (1) by the court where the action is prosecuted; (2) a judge thereof; (3) a county judge.

And Sec. 229 then provides that a guardian ad litem can be appointed: (1) by the infant if 14 years old and applies within 20 days after summons is returned; (2) if under 14 years, or neglects to apply, appointment can be made upon application of such infant's friend, *or upon application of the plaintiff in the action.*

▮ The general rule is that the failure to appoint a guardian ad litem for an infant defendant who is properly served renders a judgment against the minor voidable. State, etc. v. Warden, 197 Okl. 97, 168 P. 2d 1010. Also see 27 Am.Jur., "Infants", Sec. 121, and cases cited in footnotes.

However, on appeal it is urged that the infant defendant properly was before the court, had the benefit of able counsel and thereby had a fair trial and suffered no injustice. Essentially this same argument was advanced in support of a judgment against an infant defendant for whom no guardian ad litem had been appointed in Sealey v. Smith, 81 Okl. 97, 197 P. 490. In the body of that opinion it is pointed out that performance of a general duty by a legal guardian does not affect nor relieve a trial court of the imperative duty to comply with the plain provisions of the statute requiring appointment of a guardian ad litem to make bona fide defense of the rights of the infant defendant.

Most recently, in Allen v. Hickman et al., Okl., 383 P.2d 676, we considered a closely analogous situation. The petition pleaded minority of one named defendant, daughter of other defendants. No request ever was made for appointment of guardian ad litem. At the conclusion of the evidence the trial court sustained motion for directed verdict as to the parents, and also sustained a demurrer to the evidence in behalf of the minor defendant. In sustaining the trial court's order and judgment therein, the following rule was announced in the syllabus:

"Where an infant defendant is sued in her own name, and no guardian ad litem is appointed as required by 12 O. S.1961 § 228, and such fact is called to the court's attention after all parties have presented their cases in chief, it is not error for the trial court to dismiss the case as to such infant defendant, without prejudice."

In the body of the opinion we pointed out that the trial court properly dismissed the case against the minor defendant and said:

"* * * The appointment of a guardian ad litem for an infant defendant is not a mere formality, but has for its basis the protection of the rights of one under disability. * * *"

▮ And, we further specifically stated that the fact defendant actually is represented at the trial by his parents does not cure the failure to have a guardian ad litem appointed. Neither is the rule in Stephenson v. Stephenson, 196 Okl. 623, 167 P.2d 63, a factor in such cases unless the minor defendant affirmatively invokes the court's jurisdiction as was done in that case.

▮ We are of the opinion the trial court erred in overruling defendant's motion for new trial. The judgment appealed from is reversed and the cause remanded for new trial.

BLACKBIRD, C. J., and HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

The Court acknowledges the aid of the Supernumerary Judge, N. S. CORN, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.