### J. ERASTUS LESTER *vs.* CITIZENS' SAVINGS BANK *et al.*

An auction was advertised for 12 o'clock M. The sale took place between 12½ P. M. and 1 P. M.

*Held,* that the sale was in accordance with the advertisement, the attendance continuing and the sale beginning before 1 P. M.

BILL IN EQUITY to redeem a mortgage and for an injunction. Heard on bill, answer, and proofs.

*July* 5, 1890. PER CURIAM. This is a bill to set aside a mortgagee's deed and to redeem the mortgage, on the ground that the sale, which was advertised to take place April 11, A. D. 1885, at twelve o'clock noon, was not made at that hour. Some of the testimony introduced supports the bill, but more of it, in our opinion, goes to show that the sale, though much delayed, took place, or was at least begun, before the appointed hour had expired. The mortgagee's affidavit, which the statute makes *primâ facie* evidence,

states that the sale was at the hour. Our conclusion is, that the sale occurred between half past twelve and one o'clock, and that it was valid ; since, for the purposes of the sale, the hour of twelve must be taken to last until the hour of one begins, if the attendance continues. *McGovern* v. *Union Mutual Life Insurance Co.*, 109 Ill. 151. We think the testimony shows that the attendance did continue with but slight changes, the auctioneer, who was holding an auction near by, being momentarily expected. There is no satisfactory evidence that any person intending to bid left before the bidding began.

*John E. Lester, Amasa M. Eaton & Herbert Almy*, for complainant.

*James M. Ripley, Samuel Ames & Nathan H. Truman*, for respondents.