### CLINTON et al. v. FIRST NATIONAL CO.

No. 26857.   June 29, 1937.

Phil W. Davis, Jr., for plaintiffs in error.

J. C. Pinkerton and Hess Crossland, for defendant in error.

PER CURIAM. This is an appeal from the district court of Tulsa county, and arises out of a foreclosure action in said court wherein the First National Company, a corporation, was plaintiff, and Jane H. Clinton, Fred S. Clinton, and R. D. Trimble were defendants. In this opinion the parties will be referred to as they appeared in the trial court. On April 12, 1935, judgment was rendered in favor of the plaintiff and against the defendants foreclosing a mortgage on certain real estate and ordering its sale after appraisal. In accordance with said judgment an order of sale and special execution was issued out of the office of the court clerk on April 17, 1935. In obedience to the commands of said writ the sheriff of Tulsa county levied upon the property therein described and caused the same to be appraised as upon execution. The return of the appraisers fixed the value of the property at $22,500. The property was thereupon duly advertised for sale on May 21, 1935. At this sale the plaintiff was the sole bidder and the property was struck off to it for the sum of $20,000. The plaintiff thereupon filed a motion to confirm said sale and the defendants Jane H. Clinton and Fred S. Clinton filed objections thereto wherein they urged that on account of economic conditions there was no market for real estate and no competitive bidding was had at the sale and urged that the property in normal times was worth from two to three times the amount for which it was sold, and prayed that the court in the exercise of its broad chancery powers deny a confirmation. The motion to confirm the sale and the objection thereto were heard and considered together. The defendants studiously refrained from offering any proof regarding the actual value of the property at the time of its sale, but sought to establish a possible future value. The court after weighing all the evidence was of the opinion that it was insufficient to sustain the contention of the defendants and thereupon overruled their objections and sustained the motion of the plaintiff to confirm the sale. The defendants Jane H. Clinton and Fred S. Clinton appeal to this court.

While the defendants assign three specifications of error, they present but one question for our determination, and that is whether the trial court abused its discretion in overruling their objections and in confirming the sale. The defendants cite and rely wholly upon the case of Suring State Bank v. Giese (Wis.) 246 N. W. 556, 85 A. L. R. 1477, in support of their position. This court has heretofore declined to adopt the rule announced in the above case. See State ex rel. Commissioners of the Land Office v. Harrower, 167 Okla. 269, 29 P. (2d) 123; Barnard v. First National Bank of Miami, 176 Okla. 326, 55 P. (2d) 972. In the latter case it was said:

"It is the policy of the law that judicial sales shall be final, and in the absence of fraud, unfairness or inadequacy of price so great as to shock the conscience of the court, there is no abuse of discretion in confirming a sale which has been made in all respects in conformity to the statute.

"Where the regularity of the proceedings in connection with a sheriff's sale is not challenged and the property is appraised before sale and is sold for more than the appraised value and subject to taxes past due thereon for a number of years, objections to such sale based solely upon economic conditions are properly overruled."

The regularity of the proceedings had by the sheriff in connection with the sale is not disputed. The property sold for nearly 90 per cent. of its appraised value. The evidence of the defendants considered in its most favorable light tended to show only that the sale had been made for an inadequate consideration. The rule that mere inadequacy of consideration is insufficient alone to justify a court of equity in denying confirmation is so well established that it does not require citation of authority. After a careful reading of the entire record we are of the opinion that there was no abuse of judicial discretion herein, and that the judgment and order

of the trial court was in 'all respects proper.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, CORN, and GIBSON, JJ., concur.