### WILMARTH et al. v. HELTON et al.

- No. 27777.   Feb. 21, 1938.

Rehearing Denied March 15, 1938.

Application for Leave to File Second Petition for Rehearing Denied April 5, 1938.

Earl A. Brown, for plaintiffs in error.

C. C. Wilkins, for defendants in error.

GIBSON, J.   This is an appeal from a judgment of the district court of Love county vacating its order confirming sheriff's sale of real property under mortgage foreclosure.

The proceeding to vacate was instituted by verified motion filed on the part of defendants in error, who were defendants in the foreclosure action.   The parties plaintiff and defendant in error will be referred to herein as plaintiffs and defendants, respectively.

The motion, filed approximately 16 months subsequent to the date of confirmation, charges that the order was based upon a sheriff's return of sale which was false in that the sale was not conducted in accordance with notice thereof and as stated in said return, and was therefore void.   In this connection it is charged that the sale was not held at the time specified in the notice of sale and that the sheriff's return showing compliance with the notice was to that extent false.

After hearing on the motion with all parties present, the trial court vacated the order of confirmation for the reason that the sale was not conducted at the hour and time specified in the notice of sale.   Although the motion alleged other grounds for vacating the sale, the foregoing was the only reason assigned by the court in its findings of fact and conclusions of law for rendering the judgment vacating the order, and is the sole ground here for our consideration.

Plaintiffs have objected to the jurisdiction of the trial court in this matter, asserting that the defendants proceeded improperly by motion, and that the order, being valid on its face, cured all alleged errors and was conclusive as to all parties.

Since the judgment must be reversed on other grounds, no extended comment will be devoted to the foregoing argument.   We may say that the defendants proceeded in the proper manner, by motion, to vacate the order in this case.   The purpose was to vacate the order on account of irregularities in obtaining the same, as authorized by sections 556, 557, O. S. 1931.   Baker v. Home Building & Loan Ass'n. 179 Okla. 218, 65 P.2d 169.   There the court, having in mind a similar order based upon an al-

leged false return as to place of sale, said that such return amounted to an irregularity in obtaining the order and, with reference thereto, held:

"Subdivision 3 of section 556, O. S. 1931, provides a remedy for setting aside orders which have been irregularly obtained. Such statutory remedy during the three years following the rendition of the judgment is exclusive of relief in equity unless there are special reasons in a particular case why the statutory remedy is inadequate."

The order, being valid on the face of the record, was, so plaintiffs say, conclusive on all the parties. This applies in case of collateral attack, but does not apply when, as here, the order is questioned in a direct attack.

Plaintiffs next say that the judgment is contrary to law and not supported by the evidence.

There is no occasion to weigh the evidence in this case. Without conflict, the proof and the remarks of the court show that the sale was conducted at the place advertised at 2:20 o'clock, p. m., 20 minutes after the hour as advertised in the notice. It was the duty of the trial court to apply the law to these facts. An incorrect application would constitute an error of law, and an abuse of judicial discretion. Such motions are said to be addressed to the discretion of the court. Jorden v. Mee, 172 Okla. 457, 45 P.2d 502.

This particular question has not been presented to this court before. Plaintiffs say that the established rule supports their contention that the sale was conducted at the hour designated in the notice. Two o'clock was the hour therein appointed. It is contended that the law recognizes no fractions of an hour; that the hour of two remains such until the hour of three. Plaintiffs cite a number of cases supporting their position; defendants furnish no contrary authority.

In 23 C. J. 627, sec. 579, under the subject of Executions, the text says:

"But a sale set for a certain hour may be made at any time before the expiration of the hour; for example, a sale fixed at eleven o'clock may be made at any time between eleven and twelve o'clock."

In support of this statement the case of McGovern v. Union Mutual Life Ins. Co., 109 Ill. 151, is cited. Following that case, the Supreme Court of Colorado, in Lathrop v. Tracy, 51 P. 486, held:

"Where a trustee's sale, which was advertised for 10 o'clock a. m., occurred at about half past 10 o'clock, such act was not a departure from the notice, as the sale was had within the hour beginning at 10 o'clock."

In arriving at its conclusion, the Colorado court had this to say:

"* * * This act is claimed to be a departure from the notice of sale, but it is not. In the case of McGovern v. Insurance Co., 109 Ill. 151, this precise question was before that court. There the property was advertised to be sold at the hour of 11 o'clock, but the sale did not occur until between half past 11 and 12 o'clock. The claim there was the same as here, that the trustee must sell the property at the precise hour advertised. Mr. Justice Craig, speaking for the court, so effectually disposes of this contention that we take the liberty of giving his exact language: 'The law does not recognize fractions of an hour or fractions of a day; and, when a notice says that a sale of land will be made at the hour of eleven o'clock, the practical common sense of the language used is that the sale will be made during the hour of eleven, or between eleven and twelve o'clock. This is upon the ground that eleven o'clock means from eleven until twelve; in other words, it is eleven o'clock from eleven to twelve.' "

The case of Lester v. Bank, 17 R. I. 88, 20 Atl. 231, is cited in further support of the court's holding.

The rule announced in the foregoing cases apparently still obtains without conflicting authority. The doctrine there established appeals to us as being reasonable and proper, and, since our statutes fail to fix the time of day for such sales, should be, and is, here adopted.

The judgment of the trial court is therefore reversed and the cause remanded, with directions to set said judgment aside and deny plaintiffs' motion to vacate.

OSBORN, C. J., and PHELPS, HURST, and DAVISON, JJ., concur.