BERKE v. HOME OWNERS' LOAN CORPORATION.

No. 30568. Feb. 9, 1943.

Rehearing Denied March 2, 1943.

*134 P. 2d 346.*

Owen F. Renegar and V. E. Stinchcomb, both of Oklahoma City, for plaintiff in error.

A. M. Frazier and Ernest B. Lykins, both of Dallas, Tex., for defendant in error.

GIBSON, V. C. J. This is an appeal by the judgment debtor from an order denying motion to vacate order con-

firming sheriff's sale of real property under foreclosure.

Subsequent to the judgment in foreclosure the parties entered into a written agreement looking toward the liquidation and payment of said judgment whereby the defendant mortgagor agreed to pay a certain sum down and a number of installments in partial satisfaction of the judgment, and, at the termination of such installments, to execute to plaintiff a note for the balance, with a mortgage to secure the same. Defendant also agreed to pay on or before the latter date all delinquencies, if any, that might have existed under the former mortgage, and to pay all advances made by plaintiff and all expenses incurred for court costs, attorney fees, and other purposes.

It was further provided in said agreement that if defendant failed to meet the payments therein mentioned or in event the terms, conditions, and agreements therein were breached, then the agreement should be of no force or effect, and plaintiff was authorized to proceed under the judgment to sell the real estate at foreclosure sale for the balance unpaid, and to prosecute any other rights and remedies available to it under the judgment the same as if the agreement had not been made.

Defendant failed to pay the installments and certain expenditures made by plaintiff in the nature of taxes, attorney fees, and insurance. Thereupon plaintiff procured an order of sale pursuant to the judgment, and the property was sold at sheriff's sale.

On confirmation of sale defendant appeared and filed objections thereto on the ground that the proceedings were not had in the manner and form provided by law, and that the price paid was grossly inadequate. The objections were overruled, and the sale confirmed.

Thereafter, defendant filed the present motion to vacate the order confirming sale. The motion seeks to vacate the sheriff's sale on the ground of irregularity in the sale proceedings; in-

adequacy of price; that the property was advertised for an indebtedness in excess of the judgment, and that plaintiff added certain alleged indebtedness to the judgment debt that had not been adjudicated by the court.

The sale of property under foreclosure is a judicial sale, and the order of confirmation is a final and binding judgment of the court. Baker v. Home Building & Loan Ass'n, 179 Okla. 218, 65 P. 2d 169. Such orders fall within the general classification of orders and judgments of courts of record that may be modified or vacated for the reasons and in the time and manner provided by statute (12 O. S. 1941 §§ 1031-1038). The present motion sought to set aside the order for irregularities in obtaining the same, and is therefore governed by 12 O. S. 1941 § 1031, subd. 3, and § 1032. And such motions are addressed to the sound discretion of the trial court. Wilmarth v. Helton, 182 Okla. 351, 77 P. 2d 714.

Defendant says the purchase price was wholly inadequate, but inadequacy of price is not ordinarily of itself a ground for vacating a sale. Fiolle v. First Nat. Bank, 173 Okla. 501, 49 P. 2d 145. If the inadequate bid was the result of the alleged irregularity, or other ground assigned, then it might be said that defendant's substantial legal rights had been violated as a result of the irregularity, and in such case the inadequacy of price would constitute an element for consideration in passing upon the motion.

Where the consideration is so grossly inadequate as to shock the court's conscience, the order may be set aside on that ground. Fiolle v. First Nat. Bank, supra. But the trial court was not so impressed in this case, and there is no indication of an abuse of discretion in the matter. Nor does it appear that the bidding at the sale was in any way restricted or stifled on account of the alleged irregularities.

The alleged irregularity grew out of the amount of the debt for which the

property was ordered sold. It is said that the plaintiff had inserted in the order of sale as a part of the judgment debt the sum of $271.17 representing taxes on the property and insurance paid by plaintiff, and attorney fees accruing subsequent to the judgment. These items, says defendant, were never adjudicated by the court, and were therefore no part of the judgment for which the property was sold, and the sale of the property in satisfaction thereof was an irregularity of sufficient prejudicial effect to warrant vacation of the sale.

Defendant fails to show wherein his rights were in any way prejudiced by the act of plaintiff in adding the $271.17 as accruing costs in the order of sale. Assuming that plaintiff wrongfully added the sum, it is difficult to understand how that circumstance could have affected the sale in any way. The matter is not one for adjudication on motion to vacate the order confirming sale, but is for adjustment on distribution of the proceeds of the sale or on application for deficiency judgment, as the case may be, depending on whether the sale brought more or less than the actual judgment debt. It is proper to deny a motion to vacate the order of confirmation in a mortgage foreclosure case where the movant fails to show some real or substantial injury to his rights. Brydia v. State, 185 Okla. 156, 90 P. 2d 919. The rule is there stated as follows:

"The court will not set aside a foreclosure sale for an irregularity consisting of offering and selling the property in a mode different from that prescribed in the decree unless the party applying to have the same set aside shows some real or substantial injury to his rights."

In support of his argument that the order should be vacated because of the addition of the items in the order of sale as aforesaid, defendant cites Mc-Crossen v. Harris, 35 Kan. 178, 10 P. 583, and Northwestern Mutual Life Ins. Co. v. Allis, 23 Minn. 337.

Neither of those cases involved the confirmation of a sheriff's sale. In the first, the mortgagee paid taxes on the property subsequent to judgment. The mortgagor paid the judgment in full and refused to repay the mortgagee for the taxes so paid. The mortgagee then sued the mortgagor to recover the same. The court held that the taxes were not included in the judgment, and that the payment thereof was voluntary and could therefore not be recovered.

The second case cited involved an order of the trial court purporting to add to a foreclosure judgment the amount of taxes subsequently paid by the mortgagee. This was done without notice to the defendant. The matter was contested from the standpoint of a deficiency judgment, and the court held that the insertion of the amount in the judgment was erroneous since the defendant was given no opportunity to litigate the question, and that the sum so added was not a part of the judgment and could not be considered in entering a deficiency judgment. The cases are clearly not in point.

There is the further contention on the part of defendant that the liquidation agreement vested in him some sort of an equity of redemption independent of the mortgage, and that a separate action was necessary to foreclose his interests thereunder.

But we see nothing in the agreement other than an equitable plan for the payment of the judgment and the redemption of defendant's property from the lien. The clearly expressed intention of the parties was that the agreement remain subordinate to the judgment. It is true that valuable rights did accrue to defendant under the agreement. But he fails to indicate wherein those rights were violated. Had plaintiff breached the agreement by causing execution and order of sale to issue prematurely, in the face of defendant's compliance with the agreement, defendant probably could have reached the difficulty with his motion to vacate the order of confirmation, for, as held in Wilmarth v. Helton, supra, such motion

constitutes a direct attack upon the order.

We find no error, and the judgment is therefore affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.