CITY OF WEWOKA ex rel. NORTH et al. v. WHITNEY et al.

No. 31990.   Oct. 29, 1946.

*173 P. 2d 940.*

622

Crump & Carver, of Wewoka, for plaintiff in error.

Joe Looney, of Wewoka, for defendants in error.

RILEY, J. This is a companion case with that of city of Wewoka ex rel. S. N. North et al. v. Fink et al., No. 31,991, 197 Okla. 623, 173 P. 2d 936. The questions involved are substantially the same.

The lots here involved are in paving district No. 2 of the city of Wewoka and the lots involved in case No. 31,991 are in paving district No. 1. A separate suit was filed to foreclose paving bond assessments in district No. 2, by the city of Wewoka, on the relation of the same relators who were the owners of the paving bonds in said district. The paving assessments here involved were against lots 31 and 32, block 46, and lots 27 and 28, block 124, all in the Original Townsite of Wewoka.

Judgment was entered establishing and foreclosing the liens against said lots, on July 23, 1940. The amount of the assessments against each of the lots, as shown by the judgment, is: Lots 31 and 32, block 46, $93.23 each, and lots 27 and 28, block 124, $722.29 each, with interest thereon at 6% from October 14, 1939.

Order of sale was issued August 1, 1941. Appraisement was made by the same appraisers who first appraised the property in case No. 31,991. The value of lots 31 and 32 was placed at $150 each, less delinquent ad valorem taxes against each lot in the sum of $19.73, making a net appraised value of each lot of $130.27. The value of lots 27 and 28, block 124 was placed at $300 each, less $348.40 delinquent ad valorem taxes against lot 27, leaving a net appraised value of said lot of $1, and less delinquent ad valorem taxes against lot 28 in the sum of $341.09, leaving a net appraised value of $1.

The property was sold September 4, 1941, to S. N. North on a bid of $89 for each of lots 31 and 32, block 46, and a bid of $1 each for lots 27 and 28, block 124.

Motion to disaffirm the sale was filed by defendant E. W. Whitney, based solely upon the alleged transaction between Whitney and North concerning the purchase by Whitney of bonds, as set forth in case No. 31,991.

E. W. Whitney, Jessie Fink, and Sam Gill, receiver, also filed what was termed a protest to confirmation of sale, substantially the same as was the protest in case No. 31,991.

Order confirming the sale was entered December 3, 1943, in the absence of Whitney, Fink, and Gill. December 28, 1943, defendants Jessie Fink and E. W. Whitney, joined by Edythe S. Whitney, filed a motion to vacate the order confirming the sale, upon substantially the same grounds as in the motion to vacate in cause No. 31,991. At the close of the hearing, the court entered judgment vacating the order confirming the sale and vacating the sale. Plaintiff appeals.

Much of the evidence in this case, in the record from pages 38 to 82, goes to the value of lots 17 and 18, block 46, city of Wewoka, those being the lots involved in case No. 31,991, and should not be considered in this case. However, some of the evidence in the record, at pages 38 to 82, goes to the alleged agreement concerning the purchase of paving bonds by Whitney from North. It was agreed that the evidence on this question, presented in case No. 31,991, should be considered as taken in this case. The evidence as to the value of the lots here involved commences at page 83 in the case-made.

The evidence in this case wholly fails to establish any underappraisement or inadequacy of sale price as to lots 27 and 28, block 124. E. W. Whitney did

testify that said lots, with a five-room house thereon, were worth $2,500 at the time of the appraisement and sale. But, as stated, the judgment lien against said lots amounted to $1,445.58 with interest at 6% per annum from October 14, 1939, which, at the date of the hearing on the motion to vacate, amounted to a total sum of $1,835.85. In addition thereto, E. W. Whitney testified that there was $1,000 or $1,200 delinquent ad valorem taxes against said lots. He further testified that the paving taxes and the ad valorem taxes against the property were more than it was worth. He gave as his reason for wanting to redeem the property that it was his home.

As to lots 31 and 32, block 46, the evidence also fails to show gross undervaluation or gross inadequacy of the sale price. E. W. Whitney testified that said lots, at the time they were sold, were worth $1,500. The only other witness to testify as to the value was E. L. Kiker, who testified that the value of these two lots was $750 to $800, based upon, as he stated, a rental income of $15 per month. But upon cross-examination, he placed the value at nothing if the property had not been rented for a period of about two years. The evidence was that the lots had only been rented a few months during that time. The assessment lien and delinquent ad valorem taxes against the lots at the time of the hearing amounted to more than $250. Net appraised value was $260.54. Adding to this the sum of $178, the amount paid for the lots, would make about $438 for which the lots actually sold, since there could be no deficiency judgment and the purchaser would be required to pay or assume the delinquent ad valorem taxes. This would not amount to a gross undervaluation or a grossly inadequate sale price.

The first ground set out in the motion to vacate, namely, the statute of limitations, is not sustained. That is a question going to the irregularity, if any, in procuring the judgment and has no bearing on proceedings subsequent to the issuance of the order of sale.

The second ground goes to the question of the property being in the hands of a receiver and the receiver not being made a party. That question, if there was merit therein, should have been presented in the proceedings prior to judgment, and the record in this appeal does not show that it was even raised.

The third ground, that of unavoidable casualty preventing defendants' appearance at the hearing of their objections to the confirmation of the sale, became immaterial since defendants were permitted to present all their original objections on the motion to vacate.

This leaves for consideration only the question of the alleged agreement between Whitney and North concerning the purchase by Whitney of paving bonds from North, and the alleged breach thereof by North. This transaction, if had as claimed by Whitney, was before the judgment and apparently before the action to foreclose the liens was commenced. So it has no connection whatever with any alleged irregularity in the proceeding after judgment.

Reversed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, and DAVISON, JJ., concur.