CITY OF WEWOKA ex rel. NORTH et al. v. FINK et al.

No. 31991.   Oct. 29, 1946.

*173 P. 2d 936.*

Crump & Carver, of Wewoka, for plaintiff in error.

Joe Looney, of Wewoka, for defendants in error.

RILEY, J. This is an appeal from an order vacating a confirmation of sheriff's sale and setting aside the sale.

The action was commenced by the city of Wewoka ex rel. S. N. North et al. to foreclose special assessment liens against certain lots in the city of Wewoka. The proceedings established plaintiff's lien on the property involved. The lots here involved were owned by E. W. Whitney and are described as lots 17 and 18, block 46, Original Townsite of Wewoka. The amount of the judgment lien against each lot as of June 26, 1941, was $439.54. An order of sale with appraisement appears to have been issued January 9, 1942. The lots were first appraised January 15, 1942, at a value of $6 per lot less delinquent ad valorem and paving assessments in district No. 2, another district. Net appraised value fixed at $1 per lot. This appraisal, however, was corrected February 9, 1942, by the unverified statement of the appraisers to the effect that in the original appraisement they intended to fix the value of each lot at $600 instead of $6. Therein the net value of the lots was fixed at $455.89 for lot 17 and $456.89 for lot 18. No sale of the lots was held under that order of sale and corrected appraisement because of the restraining order against the sale. After the restraining order was dissolved, a new order of sale was issued, dated May 29, 1942. A new appraisement was made by two of the same appraisers and E. R. Haunschild, who was appointed in the place of W. H. Ballard.

In the last appraisement, dated June 1, 1942, less than four months after the

corrected appraisement was made under the former order of sale, the value of the lots was placed at $300 each less ad valorem taxes and assessments, so as to place a net appraised value of lot 17 of $149.98 and lot 18 at $153.13. Sale was had on June 29, 1942, wherein S. N. North was the purchaser under a bid of $100.50 for lot 17 and $103.00 for lot 18.

Protest against confirmation of the sale was filed by E. W. Whitney, Jessie Fink, and Sam Gill, as receiver of the property of E. W. Whitney. On December 3, 1943, an order confirming the sale was entered. December 28, 1943, E. W. Whitney and Jessie Fink filed a motion to vacate and set aside the order of confirmation, to recall and quash a writ of assistance which had been issued, and to allow defendants to pay all the taxes due on the lots. The grounds set forth in the motion were:

"1. That the judgment of foreclosure is void in that the statute of limitations had run against the tax liens or assessments long before this action was commenced.

"2. That at the time this action was commenced the property involved was owned by E. W. Whitney and was under receivership in proceedings in the District Court of Oklahoma County and the receiver was not made a party.

"3. That movants were, by unavoidable casualty, prevented from being present at the hearing of their protest against the confirmation of the sale.

"4. That the sale was irregular and void for the reason that the property was not appraised, advertised and sold as by law provided in that said property was residence property adjoining the business district of Wewoka, with two modern, seven-room houses thereon which were well built and in perfect condition and at the time of the appraisement were reasonably worth $6,500; that the lots were first appraised at $6.00 each and appraisals later changed to $300.00 each and that the reasonable value thereof was more than ten times the appraisement under which the lots were sold, and that the appraisement was $120.00 less than the annual rental value of said property so that the appraisement was grossly erroneous and low.

"5. That theretofore S. N. North, for himself and as trustee for other relators, owners of the paving bonds in District No. 1, entered into an oral agreement with defendant Whitney wherein it was agreed that Whitney was to buy the highest numbered bonds in said paving district, at 95% of the face value plus accrued interest, with the further agreement that when Whitney desired to pay his paving assessments North would exchange the lowest numbered bonds for such highest numbered bonds so as to enable defendant to pay his paving assessments with such bonds (which he could then do under then existing law); that Whitney performed his part of the agreement and purchased from North bonds numbered 204, 211, and 212, the then highest numbered outstanding bonds of the paving district, paying therefor $2,000; that at the time and ever since said bonds were wholly worthless except in connection with the agreement; that defendant Whitney tendered relators said bonds numbered 204, 211, and 212 in exchange for the lowest numbered bonds then outstanding but that North refused to keep his agreement and refused to exchange the lowest numbered bonds for the highest numbered bonds, to Whitney's loss in the sum of $2,000.00."

Hearing on the motion resulted in a judgment vacating the order confirming the sale and setting aside the sale, and plaintiff appeals.

Plaintiff in error first calls attention to the rule that on motion to confirm sale of real estate made under execution, the court should confine itself to the regularity of the proceedings on the sale and is not required to go behind the execution and look to the regularity of the judgment. This is the general rule.

It is first asserted that the motion to vacate the confirmation of the sale did not set out any legal reasons why the sale should not be confirmed. This may be true as to the grounds of the motion going to the question of Whitney's property being in the hands of a re-

ceiver at the time the judgment of foreclosure was entered. Those matters go to the regularity of the judgment. But the protest further alleged that the execution was not issued and sale was not had as provided by law. That may be said to be a matter of conclusion, but in the absence of a challenge by motion to make more definite and certain, or otherwise, it is sufficient under which to present the grounds of gross underappraisement and gross inadequacy of the sale price, and other irregularities.

The trial court had before it three motions when the order confirming the sale was made: First, the motion of defendants to disaffirm or refuse confirmation; second, the motion to confirm; and third, the protest.

It is well settled that the court may adjust equities in connection with confirmation of a sheriff's sale and may do this even after confirmation, on motion to vacate the order confirming the sale. Miller v. Gray Eagle Oil & Gas Co., 164 Okla. 259, 23 P. 2d 657; State ex rel. Com'rs of Land Office v. Harrower, 167 Okla. 269, 29 P. 2d 123; Cesar v. Okla. Farm Mfg. Co., 188 Okla. 659, 112 P. 2d 800.

Aside from the other grounds set forth in the motion to vacate the order confirming the sale, the fourth ground is that the property was grossly underappraised in that the reasonable value of the property was $6,500 and the appraised value was only $600, i. e., less than one-tenth of the actual value. This is one ground which may be taken into consideration on objection to confirmation of a sheriff's sale on execution or on motion to vacate an order of confirmation.

There is abundant evidence in the record tending to prove the reasonable value of the lots to be from $4,500 to $6,000. Defendant Whitney testified that the reasonable value of the property at the time of the appraisement and sale was $6,000. The annual rental value was $720. This is within $158 of the amount of the assessment liens fixed in the judgment foreclosing the liens.

As a general rule, mere inadequacy of price, not accompanied by other circumstances of fraud or irregularity, is not a ground for refusal to confirm a sale unless such price is so grossly inadequate as to shock the conscience of the court. Duncan v. Eck, 65 Okla. 250, 166 P. 121.

State ex rel. Com'rs of Land Office v. Harrower, supra, appears to be a well considered case which this court has often cited as stating the correct rule governing the question here involved. It was there held:

"Section 456, O.S. 1931, applies only to the proceedings of the officer in making a sale of real estate under execution, and on motion to confirm the court should confine itself to the regularity of the proceedings on the sale, but said section does not limit the power of the court in refusing to confirm or in setting aside a sale in proper pleadings on equitable grounds.

"A court of equity has a discretion as to ordering or refusing a resale of property sold at judicial sale.

"Mere inadequacy of price, however, without more, will not justify a court in setting aside a sale, unless an advance bid is tendered. The only test a court can have of the value of property sold at a forced sale is the price it would bring on due notice at a public sale fairly conducted.

"It is the policy of the law that a judicial sale shall be final, and in the absence of fraud or unfairness or unless the inadequacy of price is so great as to shock the conscience and an advance bid is tendered, the court of equity is not authorized to set aside the sale."

It was also held that under the circumstances of the case, where a tract of land reasonably worth $1,600 sold upon a bid of $50 and upon motion to confirm, exceptions were filed alleging inadequacy of price so great as to shock the conscience and the protestant offered to bid $1,000, the sale should be

set aside and a resale ordered upon condition that the first bid of plaintiff be $1,000.

Herein we have a very similar situation except it is the owner of the property objecting. He alleges and proves value of from $2,000 to $4,000 more than all the liens, taxes, etc., against the lots. In addition, he offers and tenders into court a sum sufficient to pay the judgment lien in full and all costs.

In Cesar v. Oklahoma Farm Mortgage Co., supra, it was held:

"Where property has been sold at an execution sale at an enormously inadequate price, if there are but slight irregularities or other circumstances attending calculated to prevent the property from bringing something like its reasonable value, and where the judgment debtor makes a prompt offer to pay the indebtedness, costs, and interest, it is regarded as unconscientious in the purchaser to hold the property so purchased, and upon proper and timely objections to confirmation said sale will be set aside."

Under the record, we cannot say that the trial court abused its discretion in vacating the order confirming the sale and setting aside the sale. We deem it unnecessary, therefore, to consider the question of other irregularities growing out of the alleged purchase of the bonds by Whitney from North, to Whitney's loss in the sum of about $2,600.

Judgment is affirmed upon condition that defendant make and keep his tender good and pay into court within 30 days after the mandate is spread of record in the trial court a sum sufficient to pay all the judgment liens against said lots, with interest and all costs of the action. Upon failure so to do, the judgment will stand reversed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, and DAVISON, JJ., concur.