**STATE ex rel. COM'RS OF LAND OFFICE v. LOUGHRIDGE et al.**

No. 35722.

Supreme Court of Oklahoma.

Sept. 22, 1953.

Rehearing Denied Oct. 20, 1953.

R. H. Dunn, Rupert E. Wilson, Jr., A. M. DeGraffenried, N. A. Gibson and Shell Bassett, Oklahoma City, for plaintiff in error.

John B. Ogden, Gilliland, Withington, Shirk & Clifford, W. R. Withington, Oklahoma City, and Wilson Wallace, Ardmore, for defendants in error.

BLACKBIRD, Justice.

Defendants in error are the heirs of B. F. C. Loughridge and Celestine Loughridge, deceased husband and wife. Several years before their deaths, this couple executed and delivered to the Commissioners of the Land Office their promissory note in the principal sum of $3,000, secured by a mortgage on their 320 acres of land. Several years after said mortgagors' default and death, said mortgagee commenced this foreclosure action and in December, 1941, recovered a judgment in rem, as plaintiff, against defendants in error, as defendants, establishing and foreclosing as a lien upon the land, the mortgage indebtedness, which with accrued interest at the rate of 5 percent per annum then amounted to more than $6,400. Thereafter, an order of sale was issued and the land was duly sold at a Sheriff's sale to the State of Oklahoma, for the sum of $3,200 by application and credit of said sum on the judgment. Thereafter, on September 22, 1942, plaintiff filed its motion to confirm said sale and on the same day obtained an order from the trial court sustaining said motion and confirming the sale. Thirty days later the court clerk received from the attorneys for the defendants and filed, an instrument denominated: "Objection to Sale" in which it was alleged that the sale was void and ineffective for the reason that some of the defendants were in the Armed Services of the United States, and had been at the time the "Notice" of the sale was issued and the sale was held. It was further alleged that said defendants have a defense to the action and it was prayed that the sale be set aside and further proceedings in the matter be held in abeyance until the defendants' discharge from the Armed Forces and return to present their defense or defenses. After this pleading had been on file more than nine years without any action thereon, plaintiff, in March, 1952, filed a motion to dismiss it for lack of diligent prosecution. Thereafter, defendants filed what was termed "An Amended Objection to Sale and Motion to Set Same Aside", in which they adopted and incorporated their original "Objection" by reference and made the further allegations, among others, that the foreclosure judgment was unlawful and excessive in that it included an unauthorized and unlawful charge of $45.20 for a supplemental abstract, with the result that the Sheriff's sale of the premises was for an unlawful sum or price. This pleading reiterated the allegation of their original one that the defendants had a good defense to the foreclosure action and included a tender of all amounts necessary to satisfy the judgment debt and redeem the land. When the above pleadings came before the court to be heard, plaintiff made no motion to strike, preserved no objection to the introduction of evidence, nor in any other way questioned the court's jurisdiction at that late date to set aside the sale and its former order of confirmation. The defendants, without objection, elicited testimony from the defendant T. W. Loughridge that he was never notified when the foreclosure judgment was taken and knew nothing "about it coming up for trial"; that the defendant, his nephew, Clinton Loughridge, entered the United States Army about February, 1941, and was not discharged until "sometime in 1945"; that the defendant, Doss Loughridge, entered the Army in 1942, and was discharged in 1946; and that the defendant Asberry Loughridge entered the Army prior to September 22, 1942, and was discharged in 1945 or 1946. Said defendant further testified that he did not learn that the land had been sold at Sheriff's sale until "about the 1st of April, 1943," and in the Spring of 1944, he went to his attorney and had him go to the School Land Department and try to pay off the mortgaged indebtedness. During this witness' examination he gave an affirmative answer to the question: "Mr. Loughridge, are you not at this time, or the defendants, in position at this time to pay off this mortgage and all interest on it, and any amount the Court requires to be paid, as a condition to setting aside this sale?"

A member of the firm of attorneys that had represented the adult heirs and the one who had been guardian ad litem for the minor heirs of the deceased mortgagors at the time the foreclosure judgment was entered, testified, despite the judgment journal entry's recital of his appearance at

the trial, that he could not remember having been present at the trial or having had any notice of the setting of the case for trial, nor of having approved or okayed the journal entry; that he became a member of an Oklahoma City law firm in June, 1942, and thereafter spent half of each week there and half in Ardmore, until he finally moved to Oklahoma City the latter part of August, or 1st days of September, 1942; that thereafter his former law partner at Ardmore went into the Armed Forces and there was no one in their office there, and he came to Ardmore only when he had to or on emergencies; and that he knew that some of his clients in the case were in the Service and he "couldn't get hold of them."

This witness' former Ardmore law partner testified he had entered the United States Army previous to December, 1942, and returned from the service October 15, 1943, after which he went to Oklahoma City, and told the Secretary and other officials, including an attorney, of the School Land Commission that his clients were ready to pay off the entire indebtedness, including attorney's fees, "and so forth", and that the "Loughridge boys" were in the Service; but that he was advised that said Department would not allow satisfaction of said indebtedness and redemption of the land from the sale. This attorney further testified that as well as he could remember, the occasion when Mr. Loughridge came to him and asked him to make this trip to the School Land Office was the first time he had ever heard of the foreclosure action coming to trial.

In this appeal from the trial court's judgment setting aside the foreclosure or sheriff's sale and vacating its former order confirming it, plaintiff says that the "objecting defendants" were represented by counsel at all steps of the foreclosure and were not entitled to any relief under the Soldier's and Sailor's Civil Relief Act of 1940, as amended, 50 U.S.C.A.Appendix, § 501 et seq. Secondly, it is stated that said defendants did not plead nor prove any grounds for setting aside the sale and the former order confirming it, other than entitlement for relief under said federal Relief Act, supra, and therefore the trial court's ruling was an abuse of discretion.

■ As we view this case, it is unnecessary to determine whether under the provisions of the cited Soldier's and Sailor's Civil Relief Act, Title 50 U.S.C.A. §§ 520 and 521, defendants were entitled, on the basis of the pleadings and proof, to the particular relief granted them in the judgment or order appealed from. It cannot be denied that under the statutes of this State, irrespective of any federal statute, the District Court is clothed with sound discretion in setting aside or vacating its own judgments and orders, especially where its power to do so is invoked before the end of the term in which the judgment or order was entered. See Berke v. Home Owners' Loan Corp., 192 Okl 124, 134 P.2d 346, citing Wilmarth v. Helton, 182 Okl. 351, 77 P.2d 714; Cooper v. State, ex rel. Com'rs of Land Office, 178 Okl. 532, 63 P.2d 698; Miller v. Gray Eagle Oil & Gas Co., 164 Okl. 259, 23 P.2d 657.

■ The first and principal question involved here then is whether or not the trial court abused such discretion in setting aside the sale and vacating its former order of confirmation. Plaintiff calls our attention to the fact that defendants did not establish any irregularity or invalidity in the foreclosure judgment and cites former opinions of this court for the well established rule that in ruling upon a motion to confirm a sheriff's sale pursuant to judgment and order in foreclosure proceedings, the court should consider only the regularity of the sale proceedings and, in so doing, the court's consideration is confined to the face or record of such proceedings. While there can be no question as to the correctness of the proposition asserted, it pertains only to the points of law involved in the court's consideration and does not purport to limit or restrict the court's consideration of the equities or equitable issues involved. In State ex rel. Com'rs of Land Office v. Harrower, 167 Okl. 269, 29 P.2d 123, 124, this court held:

"Section 456, O.S.1931 [12 O.S.1951 § 765], applies only to the proceedings

of the officer in making a sale of real estate under execution, and on motion to confirm the court should confine itself to the regularity of the proceedings on the sale, *but said section does not limit the power of the court in refusing to confirm or in setting aside a sale in proper pleadings on equitable grounds.*" (Emphasis added.)

The opinion in the above case contains some enlightening criteria as to the broad extent of the trial court's discretion in matters of this kind. There we reiterated a former expression by this court and cited Kansas decisions in the following words:

"It is a discretion that must be exercised reasonably and not arbitrarily, and if abused is subject to review on appeal. The same must appear to be in all essential respects fair and proper, or it will not be confirmed, and *the simple fact that confirmation would sacrifice the interests of those entitled to the protection of the court is sufficient ground for a refusal to confirm.* The court will not, however, be astute to *find objections, and if there is no evidence of unfairness, deception or impropriety the sale* is properly confirmed." (Emphasis added.)

In dealing with propositions such as are asserted by plaintiff, this Court in State ex rel. Com'rs of Land Office v. Schneider, 198, Okl. 697, 181 P.2d 975, 977, said:

"These propositions as abstract propositions of law are correct, but as pointed out in the former appeal of this case the district court, with jurisdiction both in law and in equity, may under proper pleadings examine into equities of the parties associated with facts, circumstances and transactions *not involved in the judgment.* (Emphasis added.)

State ex rel. Com'rs of Land Office v. Harrower, supra, was cited with approval both in the above case and in City of Wewoka ex rel. North v. Fink, 197 Okl. 623, 173 P.2d 936, 937, where it was held:

"A court may adjust equities in connection with confirmation of a sheriff's sale, and may do this *even after* confirmation on motion to vacate the order confirming the same." (Emphasis added.)

Plaintiff's further argument is to the effect that defendants had no defense to the action presentable at the time the vacated order of confirmation was entered, except the fact that some of them were in military service, and it was not shown that this fact affected their financial status in such a way as to prevent them from redeeming the property from plaintiff's mortgage lien; that even if such absence in military service were an effective defense for those defendants, they had counsel employed at home to protect their rights; and further, that the only offer to redeem was made by the defendant, T. W. Loughridge, and there is no claim that he was ever in military service.

At the outset, it should be recognized that while a mortgagor's right to redeem the mortgaged land is no defense to an action on the note secured by the mortgage, it is a defense to foreclosure of the mortgage lien against the land, State ex rel. Com'rs of Land Office v. Wilkin, 202 Okl. 177, 211 P.2d 509, that can be asserted until confirmation of the sale has been finally determined. State ex rel. Com'rs of Land Office v. Schneider, supra. As was said in Anderson v. Barr, 178 Okl. 508, 62 P.2d 1242, 1246:

"Until the sale and deed nothing has changed; the mortgagor remains the owner of the equity of redemption or fee title, and is entitled to the benefits of the land and the mortgagee is still only a lienor.

"Upon the rendition of the decree of foreclosure, the court merely holds that there is a good and valid mortgage lien, that there is no valid defense thereto, and that the mortgagee is entitled to enforce his lien by a sale of the mortgaged land. The court does not by a decree of foreclosure weigh the lien as against the debt. A common denominator is sought and is found by dissolving the lien into the same form

and substance of which the debt is made. This dissolution is accomplished only by a sale and deed. The decree itself does not dissolve or extinguish the lien.

\*     \*     \*     \*     .\*     \*

"Who or what has been foreclosed until there has been a sale? Nothing has been cut off from the mortgagor until there has been a sale. The mortgagor's right to pay and keep the land has not been barred until there has been a sale. Until the sale the mortgage as a property right created by contract remains quite as unaffected as did the title of the mortgagee under the old chancery practice."

And in State ex rel. Com'rs of Land Office v. Schneider, supra, we held that a foreclosure sale "is not fully a sale" until confirmed by court order. We therefore conclude that the defendants' right to redeem the land from the lien of plaintiff's mortgage judicially established by the judgment of foreclosure was a "defense" or effective objection to confirmation of the sale, and could be asserted and considered by the court at any stage in the proceedings until the sale had been formally and irrevocably confirmed.

■ Apparently, as an afterthought, plaintiff's counsel, in their reply brief, call attention to a finding of the court contained in the Journal Entry of its foreclosure judgment that the "fee simple title" in the property involved "is now vested in the Board of County Commissioners of Carter County, State of Oklahoma, by virtue of a certain resale tax deed, subject only to the plaintiff's first mortgage lien." On the basis of this recitation, counsel asserts that if defendants were not the owners of the land at the time the foreclosure judgment was entered, they had no right of redemption to assert after said judgment became final. No reference is made to this finding in any other part of the journal entry, and the record bears no abstract of the title or other clue as to the correctness of this so-called "finding" and as to whether a tax deed of any description had ever been issued covering said land. We note, however, that in its judgment, the court specifically recognizes and gives effect to the right of redemption of "defendants" (generally) and as said judgment nowhere therein contains any order or decree purporting to extinguish or cut off this right, and the record contains no proof with which to unequivocally settle this question so belatedly raised, we will assume, without further discussion of the matter, that this right was preserved to the defendants and was alive and subsisting at the time of the hearings relative to the sale's confirmation.

Nor are we impressed by counsel's argument that none of the defendants offered to redeem the property from plaintiff's mortgage lien except T. W. Loughridge, who, as far as the record shows, was never in military service during the pendency of this action. We have hereinbefore quoted verbatim the question that was asked this defendant by counsel at the trial. Although this question, which he answered in the affirmative, was leading and suggestive, it was not objected to and was plainly phrased to include in the witness' said answer the ex-servicemen among the "objecting" defendants (as counsel call them), one of which was his nephew. In addition to this, it is noted that the last pleading filed by the attorneys for the "defendants" (generally) contained a written tender of the judgment indebtedness and "all other expenses or costs whatsoever." We must therefore conclude that, at the time of the rendition of the judgment herein appealed from, there was on record a valid and subsisting tender on behalf of all defendants, including those proved to have been in military service at the time the sale first came up for court confirmation.

Plaintiff's argument that the financial status of the defendants who were in military service during the period between the entry of the foreclosure judgment and the vacated order of confirmation, is not shown to have been affected in such a way as to have prevented them from a timely tender of the necessary funds to redeem the property, is unworthy of serious consideration, irrespective of the recognition contained in

the subsistence allowance and civil readjustment allowance provisions of the federal "G. I." Bill of Rights, as to the financial impact ordinarily or customarily felt by those who have entered military service. This argument merely begs the question and clouds the issues, for since said defendants had the right to redeem the property until the sale was finally confirmed or completed, it is immaterial whether their respective periods of military service increased or decreased their financial ability.

Nor are we impressed by the argument that the record contains sufficient basis for the supposition that the defendants had counsel to protect their right of redemption against extinguishment by confirmation of the sheriff's sale. If we were to take as a basis for our conclusion, the statement of plaintiff's counsel that the record fails to show knowledge or approval of, or consent to the "Objection To Sale" filed purportedly on behalf of all of the defendants, then we might conclude that they did not in fact have representation all through this period; but we are unwilling to do this. Suffice it to say that on the basis of the record, including the undisputed evidence that neither the defendants nor their attorneys had notice or knowledge of the sale's purported confirmation, until after it had already occurred, this case cannot be said to be without evidence of "unfairness, deception or impropriety * * *" and we find no substantial basis for holding erroneous the trial court's apparent conclusion "that confirmation would sacrifice the interests of those entitled to the protection of the court * * *", State ex rel. Com'rs of Land Office v. Harrower, supra. It follows, therefore, that his judgment, with such a conclusion, cannot be termed an abuse of his judicial discretion and equitable powers in the matter. We feel, however, that defendants should keep their tender good by paying into court the amount of the judgment, plus interest, attorneys fees, and all costs of this action as a condition to affirmance of the judgment herein appealed from. Therefore, in accord with the views herein expressed, the judgment of the trial court is affirmed upon condition that defendants pay into the trial court within thirty days after the mandate herein is spread of record, a sum sufficient to pay all of such charges. Upon failure so to do, the judgment will stand reversed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD and WILLIAMS, JJ., concur.

O'NEAL, J., dissents.