Dora E. HOLSHOUSER et al., Plaintiffs in Error,

v.

C. E. LEE and Effie B. Lee, Defendants in Error.

No. 39016.

Supreme Court of Oklahoma.

Nov. 14, 1961.

Rehearing Denied Feb. 13, 1962.

Application for Leave to File Second Petition for Rehearing Denied March 27, 1962.

King & Wadlington by Carloss Wadlington, Ada, for plaintiffs in error.

Busby, Stanfield, Deaton & West, Ada, for defendants in error.

WILLIAMS, Chief Justice.

The principal question involved herein is whether the trial court erred in overruling the application of Mrs. Holshouser and others to set aside an order directing the sale of her or their ½ interest in the working interest in an oil and gas lease under a judgment foreclosing lien for operating expenses and mortgage and further erred in confirming sheriff's sale.

In 1956 defendants in error as plaintiffs obtained a judgment in a lien and mortgage foreclosure action against the plaintiffs in error as defendants. Hereinafter refer-

ence to the parties will be made as in the trial court.

At the time plaintiffs brought their action in the trial court they had title to an undivided one-half interest in the working interest in and to and were operating such lease for the production of oil. The defendants owned the other one-half interest.

Paragraph numbered 8 of said judgment provided that "plaintiffs shall therefore, have and recover from the defendants * * * the sum of $1876.63 * * * and shall have a lien upon said defendants' interest in said leasehold estate, * * * and all the oil, gas, and other substances produced therefrom, to secure the payment thereof."

Paragraph numbered 13 of the judgment, in part, provided that "plaintiffs shall, therefore, have and recover from the defendants * * * the sum of $2781.80 * * * and shall have a lien upon said defendants' interest in said leasehold estate * * * and all the oil, gas and other substances produced therefrom, to secure the payment thereof."

In paragraph numbered 14 of such judgment, the court, in addition to allowing plaintiffs $400 as attorney's fee, adjudged, in part, that plaintiffs were to receive payments for all oil runs which should accrue to defendants' interest until plaintiffs' judgment had been paid in full; that plaintiffs would not be entitled to foreclosure and sale until such time as the oil runs accruing to defendants' interest would reduce plaintiffs' judgment by less than $25 per month; that plaintiffs should give defendants notice by registered mail of their intention to foreclose and sell defendants' interest; that plaintiffs should have full right to manage and operate said leasehold; that plaintiffs should render to defendants each month a complete account of all expenses incurred in the operation of the leasehold; that plaintiffs should not incur any single item of expense of more than $100 without the permission of defendant Dora E. Holshouser individually and as administratrix of the estate of L. W. Holshouser, de-

ceased; that the income from the oil runs should be applied first to the payment of the costs of the action, then to the payment of the operating expenses, then to the payment of the judgment on the promissory note and mortgage.

In March, 1957, defendants obtained a modification of said judgment by means of an "Order Nunc Pro Tunc". Such order provided

"* * * that all that portion and part of the Journal Entry of Judgment filed herein on the 21st day of April, 1956, determining the amounts due and reducing the same to judgment, pursuant to the court's findings as set out in paragraphs 8, 13 and 14 of said Journal Entry, and the order and decree of the court determining plaintiffs' right to receive all oil runs accruing to the leasehold interest of the defendants until said judgments and costs shall have been paid, shall remain in full force and effect and shall not be altered or amended by this order. It is further ORDERED and directed, however, that the parties hereto, through their respective attorneys, prepare and submit a new and different form of Journal Entry of Judgment which will conform to and be in line with the findings and judgment of this court as heretofore entered herein."

A new and different journal entry of judgment was not filed.

This nunc pro tunc order in effect, with the above exceptions, vacated all the provisions of the March 20, 1956, judgment (filed April 21, 1956).

On June 18, 1959, plaintiffs filed an "Application for Order of Foreclosure." This was based on the provisions of the 1956 judgment and recited a balance due thereon in the amount of $2255.20. That same day the trial court issued an order of foreclosure on the basis of said application, and therein ordered defendants' interest in said leasehold sold and the proceeds applied to the satisfaction of the balance of plaintiffs' judgment.

On August 7, 1959, defendants filed an application to set aside order of sale. Therein defendants alleged:

"That the Journal Entry of Judgment has never been amended as ordered by this Court and that the application of the plaintiff for an Order of Foreclosure, and subsequent order issued is premature.

"That there is no agreement or operating contract in effect and no basis for determining the operating costs of the Defendant, Dora E. Holshouser.

"That there has been no proof submitted or basis for submission of any operating costs to show that the interest of the Defendant, less any alleged operating costs, did not exceed the sum of $25.00 per month."

Thereafter on the 18th day of August, 1959, there were filed an execution and order of sale dated July 7, 1959, sheriff's return of sale, appraisement in the amount of $2250, oath of appraisers, notice of sheriff's sale, and proof of publication of notice of sheriff's sale.

The sale had been held August 10, 1959. Defendants' interest was sold to plaintiffs for $1,500, theirs being the highest and best bid.

It is not asserted that the sheriff failed in any respect in the performance of his duties, and in so far as the record is concerned, no irregularities appear on the face thereof.

At the hearing upon defendants' above-described application and upon plaintiffs' "motion to confirm sale," it developed that defendants received notice by registered mail that plaintiffs were going to make application for an "Order of Foreclosure;" and that Dora E. Holshouser attended the sheriff's sale of defendants' interest in said leasehold. After hearing testimony the trial court refused to vacate the order of sale and the motion of plaintiffs to confirm sale was sustained. Defendants appeal.

Defendants' "First Proposition" is:

"The Court erred in overruling the Application of these plaintiffs in error as amended in said District Court to vacate the purported decree or order of foreclosure, journal entry of which had been filed in said District Court on the 18th day of June, 1959, and the Order of Sale and all proceedings taken under the purported Order of Foreclosure."

They have subdivided their contentions under this proposition into five paragraphs. Paragraphs "a" and "c" both concern notice. Therefore, these will be considered together. They are as follows:

"(a) The Application to Vacate Order of Foreclosure as amended, was proper under third subdivision of 12 O.S. 1951, Section 1031.

"(c) The Order of Foreclosure was void and irregular because obtained without notice to defendants and without opportunity for the defendants to be heard."

█ The defendants argue "The order of foreclosure was obtained without any notice on unverified ex parte application filed at same time on June 18, 1959."

In Mabry v. Baird et al., 203 Okl. 212, 219 P.2d 234, 240, we said:

"We have many times held that orders nunc pro tunc can only be entered for the purpose of correcting errors in previous orders on judgments based on proceedings theretofore had. * * *"

The attorney for the defendants who secured the nunc pro tunc order testified that:

"I feel like the judgment creditor had the right to get execution on his judgment at any time without reference to the limitations imposed or the restrictions contained in the Journal Entry. And I feel like, to enforce a lien he would be governed by the lien statutes rather than a limitation in this old Journal Entry."

The nunc pro tunc Order obtained by the defendants vacated all provisions of the 1956 judgment as to notice to defendants prior to issuance of execution, and as to the circumstances (of net profit from the lease) under which execution could be issued. This left plaintiffs with a judgment against defendants in the amount of $3,658.43.

Defendants cite 12 O.S.1951 §§ 1112 and 1113. These sections prescribe the kind of notice to be given when application is made for an order and, if notice is required, how it shall be served. No statute is cited requiring notice to be given in proceedings such as held in the trial court. Defendants do not state the basis for their contention that it was necessary that they receive notice other than by registered mail. They cite no applicable authorities to support their position.

The defendants cite 30A Am.Jur., Judgments, Sec. 26, at page 18, to the effect that a party to be affected by a personal judgment must have a day in court, or an opportunity to be heard. This citation, as well as the Oklahoma and Michigan cases, are not in point. Such pertains to initially taking judgment, which in this case was done by agreement in March, 1958. Defendants did not appeal from that judgment but permitted it to become final. They do not question the validity of the March, 1956, judgment. Their position is predicated upon the theory that the action of the trial court in issuing its order of foreclosure, amounted, in law, to the rendition of a judgment without notice to them.

Plaintiffs' application was in effect an application for execution. Plaintiffs notified defendants by registered mail that they were seeking an order of sale.

The statutes, 12 O.S.1951 § 731 et seq., do not provide that the defendants be given notice of issuance of execution. However, a portion of the judgment, before vacation thereof, in effect, by the nunc pro tunc order, had called for a notice by registered mail in event of an application for order of sale. Such a notice to defendants by registered mail, was more than sufficient in view of the fact that no notice was re-

quired either by the remaining portions of the journal entry of judgment or the statute.

In Myers v. Carr, 173 Okl. 335, 47 P.2d 156, we said in paragraph 4 of the syllabus:

"It is not a prerequisite to a valid sale of real estate under mortgage foreclosure that a praecipe be filed for an execution or order of sale, as the decree of court is all that is required, and provides all necessary authority for issuances of an order of sale in the nature of a special execution."

In Hurley v. Hurley, 191 Okl. 194, 127 P.2d 147, 148, we said:

"A judgment is the final determination of the rights of the parties in an action. To constitute a judgment under the Code, it must judicially determine all of the issues raised by the pleadings except such as are waived or abandoned on the trial of the case."

Under circumstances of the statutes which provide for issuance of execution upon a judgment (12 O.S.1951 § 731 et seq.) not requiring notice to defendants and that the order of foreclosure was issued after notice to defendants by registered mail as contemplated in a portion of the original March 20, 1956, judgment which, in effect, had been stricken therefrom by the order nunc pro tunc, we determine that the order without notice did not amount to the entry of an invalid judgment without notice.

■ Defendants contend that:

"(b) The Order Or Decree Of Foreclosure Of June 18, 1959, Was Irregularly Obtained And Was Void As No Determination Was Made Of The Amount Due Plaintiffs By Defendants, If Anything."

Defendants cite 59 C.J.S. Mortgages § 688, at page 1245, as follows:

"A decree for the foreclosure of a mortgage ordinarily must find and adjudge the exact amount of indebtedness due to complainant, for which the mortgaged property is answerable;

otherwise the decree is erroneous, if not void."

The application for order of foreclosure set forth the exact amount of indebtedness, balance due on the March, 1956, judgment, $2255.20, as did the execution and order of sale.

■ In Berke v. Home Owners' Loan Corp., 192 Okl. 124, 134 P.2d 346, 348, we said:

"Defendant fails to show wherein his rights were in any way prejudiced by the act of plaintiff in adding the $271.17 as accruing costs in the order of sale. Assuming that plaintiff wrongfully added the sum, it is difficult to understand how that circumstance could have affected the sale in any way. The matter is not one for adjudication on motion to vacate the order confirming sale, but is for adjustment on distribution of the proceeds of the sale or on application for deficiency judgment, as the case may be, depending on whether the sale brought more or less than the actual judgment debt. It is proper to deny a motion to vacate the order of confirmation in a mortgage foreclosure case where the movant fails to show some real or substantial injury to his rights."

Defendants argue that "The court has never attempted to find the amount due since the application for the order of foreclosure was filed, or to determine whether plaintiff, C. E. Lee, could charge $50 per month for pumping the lease, or as to what expense had been legally charged, or as to what amount it would take to redeem."

The trial court granted defendants a full hearing on plaintiffs' motion to confirm sale of oil and gas leasehold and defendants' motion to vacate the order of sale. As stated hereinbefore, the execution and order of sale issued by the court clerk set forth the exact balance remaining on the March, 1956, judgment. The plaintiffs introduced evidence to the effect that $50 per month was a reasonable charge for pump-

ing the lease. The defendant, Dora A. Holshouser, admitted that she received statements from plaintiffs at intermittent intervals setting forth the amounts of income received and the items of expense paid and charged. She testified that a few times she attempted to talk to plaintiff, Mr. Lee, but he was not at home. Not once, in over a period of more than three years, did she tell plaintiffs that she objected to the charges made for operating the leasehold.

In Mason v. MacFadden, 8 Cir., 298 F. 384, the court said:

> "The doctrine of laches will be rigorously applied in suits involving property of speculative value, such as mining and particularly oil properties."

It would seem that, in these circumstances, any objection she has to the expense charges would be insufficient to warrant refusal of confirmation of sheriff's sale if same otherwise is regular and should be confirmed.

■ Defendants further contend:

> "(d) The order of foreclosure was void and irregular and should have been vacated for other reasons apparent herein."

Under this contention defendants first argue that the provisions of the March, 1956, journal entry relating to the operation of the lease were vacated by the nunc pro tunc order, and that plaintiffs had no right to rely thereon in the proceeding for foreclosure. We have discussed previously herein the effect of such order on said judgment. The fact that plaintiffs alleged that they were entitled to foreclosure based on the deleted sections of the judgment would not be a bar to execution. They still had their judgment against defendants for the amounts set out in paragraphs 8, 13 and 14 less payments thereon. Plaintiffs prayed that the interest of defendants in the leasehold be sold and the proceeds applied to the payment of their judgment. Plaintiffs were not seeking a new judgment, but satisfaction of one obtained more than three years previously.

Defendants' last contention under their "First Proposition" is:

> "(e) The order of foreclosure was void on the face of the record."

Defendants argue:

> "The court had no jurisdiction under the record in this case to make the order of foreclosure without notice to the defendants, and without determining the amount due on the indebtedness, if any."

Both arguments have been dealt with previously in this opinion, under treatment of defendants' paragraphs "a", "b" and "c".

Plaintiffs' "Second Proposition" is:

> "The Court erred in sustaining plaintiffs' motion to confirm the sheriff's sale."

Defendants continue to attack the order of foreclosure as a judgment. We have determined that the order of foreclosure was not a judgment. Defendants cite 21 Am. Jur., Executions, sec. 620, wherein it is stated:

> "The general rule is that the irregularity of a judgment is a sufficient cause for setting aside an execution thereon, particularly if the irregularity is such as to render the judgment void although the judgment is also reversible in error proceedings."

Defendants do not state that, or in what particulars they deem the 1956 judgment as modified by the nunc pro tunc order to be void. We have examined it as modified. No reason has been given nor do we find one upon which to determine it to be invalid.

The factual situation in the instant case is similar to that in Berke v. Home Owners Loan Corp., supra. In that case there was an appeal by the judgment debtor from an order denying motion to vacate order confirming sheriff's sale under foreclosure. Therein, and subsequent to the judgment, the parties entered into an agreement whereby defendant was to make install-

ment payments on the judgment. The agreement further provided that if defendant failed to meet the payments plaintiff was authorized to proceed under the judgment. Defendant failed to pay the installments. Thereupon plaintiff procured an order of sale pursuant to the judgment and the property was sold at sheriff's sale. On hearing of motion for confirmation of sale defendant appeared and filed objection thereto on the ground that the proceedings were not had in the manner and form provided by law.

Therein the court said:

"But we see nothing in the agreement other than an equitable plan for the payment of the judgment and the redemption of defendant's property from the lien. The clearly expressed intention of the parties was that the agreement remain subordinate to the judgment. It is true that valuable rights did accrue to defendant under the agreement. But he fails to indicate wherein those rights were violated. Had plaintiff breached the agreement by causing execution and order of sale to issue prematurely, in the face of defendant's compliance with the agreement, defendant probably could have reached the difficulty with his motion to vacate the order of confirmation, for, as held in Wilmarth v. Helton, supra [182 Okl. 351, 77 P.2d 714], such motion constitutes a direct attack upon the order." [192 Okl. 124, 134 P.2d 348]

Any rights that defendants had under the March, 1956, judgment as to actions to be taken prerequisite to issuance of execution were withdrawn by the nunc pro tunc order and their failure to file a subsequent journal entry of judgment as called for in said order.

In Clinton et al. v. First National Co., 180 Okl. 410, 70 P.2d 61, in the first paragraph of the syllabus we said:

"It is the policy of the law that judicial sales shall be final, and in the ab-

sence of fraud, unfairness, or inadequacy of price, so great as to shock the conscience of the court, there is no abuse of discretion in confirming a sale which has been made in all respects in conformity to the statute."

Affirmed.

HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.

BLACKBIRD, V. C. J., concurs in result.